SAMUEL HEMMENWAY *v.* AMOS PRATT AND *AMOS PARMETER,* Trustee.

*Trustee process.   Liability of constable, as trustee, for tort, or breach of duty.*

The liability of a constable, to an executive creditor, for a breach of official duty in respect to the collection of the execution, cannot be attached by trustee process, commenced by a creditor of the person to whom the constable is thus liable.

A trustee, in order to be held chargeable, must be liable upon a debt, or fiduciary obligation, and not for a mere tort, or breach of duty.

TRUSTEE PROCESS. The facts were disclosed by the trustee, and were found by the court, to be substantially as follows.

The trustee, at the time of the service of the trustee process upon him, being constable of Mountholly, held for collection an execution in favor of the principal debtor against Edward Barrett for $19,85, dated September 29, 1849, and returnable in sixty days from date, upon which he had collected nothing, and which had not been returned by him. He had attached upon the original writ, in the suit in which that execution issued, four oxen, and certain other personal property, subject to a prior attachment in a suit in favor of C. H. Williams, in which judgment was afterwards obtained and execution issued for $52,07, and also subject to a prior levy upon an execution in favor of W. W. Russell for $14,56, and also to a prior levy upon an execution in favor of R. H. Holiday for $15,45, all amounting, together with the execution in favor of Pratt, the principal debtor, to $101,93. This property was delivered by the trustee to H. H. Gleason, upon his promising, by parol, to pay to the trustee the amount of said executions, and the officer's fees thereon, amounting in the whole to $106,03. W. B. Brown, in behalf of Gleason, paid to the trustee, before the service of the trustee process, the amount of the executions in favor of Russell and Holiday, being $32,61, directing the application of the money specially for the payment of those executions, and it was so applied by the trustee; and after the service of the trustee process, and before the making of the disclosure, Brown, in behalf of Gleason, also paid to the trustee the amount of the execution in favor of Williams, directing the application of the money specially for the payment of that execution, and it was so applied by the trustee; and these three executions were paid, by the trustee, to the creditors respectively therein. The trustee never promised to pay Pratt the amount due upon his execution, nor became in any way liable to him for the amount, except so far as the facts above stated would render him liable. The arrangement between the trustee and Gleason was made without the assent of Pratt. Gleason, in making this arrangement, was acting as agent of Frost & Brown, who claimed that they had purchased of Barrett, previous to the attachments, the property so attached; and Frost & Brown had been adjudged chargeable, as trustees of Pratt, for the balance remaining due to this trustee under the verbal promise of

Gleason, above stated, and they and Gleason now refused to pay to this trustee anything on account of that promise, or of the property received by Gleason.　The attorney of Pratt, in the suit in favor of Pratt against Barrett, claimed a lien upon the judgment in that suit for the amount of his fees, being $3,00, and had given *notice to the* trustee to that effect; and Pratt was indebted to the trustee in the sum of $1,43.

Upon these facts the county court, November Adjourned Term, 1850,—I. T. WRIGHT and ELISHA ALLEN, Assistant Judges, presiding,—adjudged the trustee chargeable for the amount of the excution in favor of the principal debtor against Barrett.　Exceptions by trustee.

*C. L. Williams* for trustee.

1. The only claim, which Pratt has against the trustee, is one which is not attachable by the trustee process,—it being merely a claim for damages, to be enforced by an action of tort, and constituting in no sense an indebtedness from the trustee, or " credits" of the principal defendant in his hands.

2. If such a claim were attachable by the trustee process, there is not sufficient disclosed, or shown, to render the trustee chargeable.

3. The judgment was erroneous, in not allowing the trustee to retain the amount of his claim against the principal debtor, and the amount of the attorney's lien.

*S. Fullam* for plaintiff.

An officer, with an execution in his hands, and property attached to insure its collection, is liable as trustee; and he cannot discharge that liability by releasing the property in violation of his official duty. So far as the principal debtor is concerned, the money is now in the hands of the trustee.

The opinion of the court was delivered by

REDFIELD, J.　We are unable to see how Parmeter, under the state of facts disclosed in the case, can be regarded as the trustee of Pratt.　He certainly has received no money on account of the execution, and is not likely to receive any, unless after a suit against Gleason, to whom he delivered the property attached, on his verbal

Hemmenway *v.* Pratt & Tr.

promise to pay the executions. He now refuses to pay this execution, on the ground that he is but an agent in the matter for Frost & Brown, who have been adjudged trustees of Pratt for the same money. This shows very clearly, that Parmeter has not received the money, and is not likely to receive it, without a suit, the event of which may not be entirely free from doubt, unless that uncertainty, which has thus far been one of the chief characteristics of the law, has ceased to exist.

But if we regard the liability of the officer as fixed, beyond all doubt,—and very likely it is,—and that he can therefore recover of Gleason, his liability is not by way of contract. It is neither goods, effects or credits of the principal debtor, entrusted or deposited in his hands or possession. It is but a *right* of action in the form of *tort,* and in fact for a *tort,* for a specific breach of duty, a *positive wrong,* and no more liable to this process, than any other right of action, in form *ex delicto.* There is less propriety in allowing the action in this case, than when the alleged trustee has taken the debtor's *money,* by way of usury; and it has been held, that, in such case, there is no liability to this process,—because the act of taking the usury is in the nature of a wrong, and not a trust, or confidence. So, too, if one had taken the goods or chattels of another by force, or fraud, this process will not lie, as has been often held. It must be a debt, or fiduciary obligation, on the part of the trustee, and not a mere tort, or breach of duty.

Judgment reversed, and judgment that Amos Parmeter is not trustee.