## ABNER LANE *vs.* DANIEL W. FELT & Trustee.

A trustee in foreign attachment cannot be charged upon an answer stating that he has received a check, with authority to receive the amount and pay it to the principal defendant on certain conditions, which have been complied with, and that he has offered to pay the defendant so much of the amount as is not attached by this process; if he does not state, and is not asked, whether he has received the money on the check.

SHAW, C. J.    All that appears affirmatively by the answer of the original trustee, since deceased, is, that he had received from another person a check on a bank, with authority to collect the amount of it, and pay it to the principal defendant upon conditions named.    Various interrogatories were put to the trustee in his lifetime, by the answers to which it appeared that before the service of the process said conditions had been complied with, and the trustee had offered to pay to the principal defendant so much of said amount as was not attached by this process, but that he had not paid any part of it.    He was not asked whether he had received the money on the check; and from his answer that he had received a check, and nothing further, the presumption of fact certainly is, that he held the check at the time of the last service, as well as the first.

A check is not attachable property; it is only a means of receiving money, which may never be paid.    In order to charge a trustee, it must appear, either that he is a debtor to the principal, or that he holds some chattel or specific article, which may be turned out to the sheriff, when he comes with the execution, to be sold by him, or applied according to law to the satisfaction of the judgment.    If his liability depended upon the fact that the trustee had received the money, and thus become debtor to the principal defendant, the plaintiff should have put the question to him directly.    The executrix of the trustee denies any knowledge on the subject, or any information from her husband, the trustee.

It was said in the argument, that it is the duty of the trustee to discharge himself by his answer.    This is true, when he ad-

mits enough in his answer to charge him, but for some matter of avoidance relied upon. Then it is incumbent on him to establish the matter in avoidance. *Trustee discharged.*

*C. Lamson,* for the plaintiff, cited *Haskell* v. *Haskell,* 8 Met. 545 ; *Carley* v. *Vance,* 17 Mass. 391 ; *Shaw* v. *Bunker,* 2 Met. 376.

*S. B. Ives, Jr.* for the trustee, cited *Maine Fire & Marine Ins. Co.* v. *Weeks,* 7 Mass. 438 ; *Perry* v. *Coates,* 9 Mass. 537 ; *Meacham* v. *Mc Corbitt,* 2 Met. 352 ; *Mayhew* v. *Scott,* 10 Pick. 54 ; *Dwight* v. *Bank of Michigan,* 10 Met. 58 ; *Stone* v. *Dean,* 5 N. H. 502 ; *Clark* v. *Viles,* 32 Maine, 32 ; *Hemmenway* v. *Pratt,* 23 Verm. 332 ; *Porter* v. *Stevens,* 9 Cush. 530.