ORANGE,
February,
1838.
SIMEON SHORT *v.* JAMES S. MOORE, Trustee of SHUBAEL P. SAMPSON.

Money in the hands of an administrator, before decree of distribution, and where the wife is heir to the estate, is not liable to the process of foreign attachment, at the suit of the creditors of the husband.

It would seem, that an executor or administrator is never liable to a judgment against him, in a process of foreign attachment, until after a decree of distribution fixing the liability.

In the present case, it was held, that the husband has no such interest in money, decreed by the probate court to be paid to the wife by the administrator, as her distributive share in her ancestor's estate, as could be attached by the creditors of the husband.

THIS was a trustee process. The said James S. Moore disclosed that this, and other processes of the same kind, were served upon him, on the 28th day of January, 1834, that he was previously, on the same day, appointed administrator of the estate of David Comstock, of which estate the wife of the principal debtor was one of the heirs; that he closed the settlement of said estate, at a probate court, holden on the 25th day of April, 1837, and that said estate then became subject to distribution among the several heirs.

Upon this disclosure, the county court adjudged, that the said Moore was not trustee of the principal debtor.

The plaintiff excepted.

*S. Short* and *L. B. Peck,* for plaintiff.

1. Sampson having, at law, the sole and exclusive right to collect and control his wife's portion, his creditors have, consequently, the right to attach and appropriate it, in payment of their debts; and, in this view of the case, it is immaterial whether the fund vests absolutely, or only conditionally, in the husband. To hold otherwise, would place it in the power of a debtor, who had married a fortune, to put his creditors at defiance, by neglecting to reduce to possession debts due him in right of his wife.

It is objected, however, that the husband has but a contingent interest, liable to be defeated, on his dying before getting possession of the debts. How does this affect the creditors' rights? So too, if the husband make no disposition of the chattels real of his wife, in his lifetime, they go to his wife; yet, they may be seized and sold on executions, for his debts. (2 Kent's Com. 134.) So a general assignment in bankruptcy, or under insolvent laws, passes the

ORANGE,
February,
1838.

Short
v.
Moore, Tr. of
Sampson.

wife's property, and her choses in action, subject, it is true, to her right of survivorship; (2 Kent's Com. 138.) and why may not this property be reached by the husband's creditors, by the aid of a trustee process, as well as under the bankrupt law?

2. Moore having sold the property, and collected the debts due the intestate, the fund to be distributed is *money*, not *choses in action*, and, therefore, the debtor's portion, in right of his wife, vests absolutely in him. Did this portion consist of articles of personal property, there would be no doubt on the subject; and though it is cash, it must be regarded as standing on the same footing, as money is personal estate, and passes under a devise of goods and chattels. *Mann* v. *Mann*, 1 Johns. Ch. R. 231. *Chapman* v. *Hart*, 1 Vesey, 271. *Moore* v. *Moore*, 1 Bro. 127. *Fleming* v. *Brook*, 1 Sch. & Lef. 318. Under such a devise, even money, deposited in Bank, will pass. *Mann* v. *Mann*, 1 Johns. Ch. R. 231. *Hotham* v. *Sutton*, 15 Vesey, 319. If Sampson's wife, at the time of her marriage, had had in her possession, or in the hands of her banker, any given sum of money, it would have become the property of her husband; and had she died before it was withdrawn from the banker, it would not have survived to her representatives, but have gone to the husband. 1 Swift's Dig. 26. 1 Barn. & Ald. 218. *Rawlinson* v. *Stone*, 3 Wilson, 5. So of the fund in controversy. Moore is a mere depository of the money, having no right to use it, but holding it *in trust* for those entitled.

3. If, however, Mrs. Sampson's distributive share is regarded as a *chose in action*, yet, it is to all intents and purposes his property, and would belong to his personal representatives, in case she should die before it was paid over by the administrator, the right to it having accrued during coverture. *Cary* v. *Taylor*, 2 Vern. 302. *Robinson* v. *Taylor*, 2 Bro. C. C. 589. Com. Dig. tit. Baron & Feme, E. 3. Exec. 224. 8 Williams' Exec. 810, 870. Reeve's Dom. Rel. 60. 1 Swift's Dig. 28. *Fitch* v. *Ayer*, 2 Conn. R. 143. *Griswold* v. *Penniman et al.* id. 564. *Russell* v. *Brooks*, 7 Pick. 65. *Clapp* v. *Stoughton*, 10 Pick. 463. *Commonwealth* v. *Manly*, 12 Pick. 173. *Goddard* v. *Johnson*, 14 Pick. 352. *Tucker* v. *Gordon*, 5 N. H. R. 564. *Richard-*

<div style="float:left">

ORANGE,
February,
1838.

Short
v.
Moore, Tr. of
Sampson.

</div>

son v. *Daggett*, 4 Vt. R. 336, 347. So, upon the same principle, if a note be made payable to a *feme covert* alone, it vests absolutely in the husband, and he alone can sue it; and on his death it goes to his personal representatives, and not to the wife. *Barlow* v. *Bishop*, 1 East, 432. *Ankerstein* v. *Clarke*, 4 T. R. 616. *Arnold* v. *Revoult*, 1 B. & B. 443. (5 C. L. R. 141.) *Shuttleworth* v. *Noyes et al.* 8 Mass. R. 229. *Cornwall* v. *Hoyt*, 7 Conn. R. 420. *Beckwith* v. *Baxter*, 3 N. H. R. 67. *Templeton* v. *Cram et al.* 5 Greenleaf, 417. *Lamplin* v. *Creed*, 8 Vesey, 599. It is true, that many of the modern chancery cases hold that the right of the wife, to a legacy or distributive share, survives to her, if the husband has not reduced the fund to possession. This, however, may be regarded as the peculiar doctrine of the courts of equity, and it will be found that, in all the cases, where the principle has been recognized, the assets of the testator, or intestate, had not been reduced to possession by his representative, in the lifetime of the husband. Even debts, due to an intestate, are not to be considered as assets in the hands of the administrator, until actually received. *Giles et al.* v. *Dyson et al.* 1 Stark. R. 32.

4. If the wife of Sampson might, in chancery, have this fund appropriated for her support, that does not affect the decision of the present case, as the husband or his creditors have an undoubted right to get into possession of the fund, unless restrained by injunction, on a bill by Mrs. Sampson ; and no adjudged case can be found, where a court of chancery has interfered, if the husband or his creditors could get the control of the fund, without the assistance of that court. *Udall* v. *Kenney*, 3 Cowen, 590. *Murray* v. *Lord Elibank*, 10 Vesey, 89.

*William Upham*, for James S. Moore.

1. A pecuniary legacy, or distributive share, in the hands of an executor or administrator, is not money, goods, chattels, rights and credits belonging to a debtor, within the true intent and meaning of our trustee act. Vide Statute, 149, sect. 1, 8 & 9. 2 Vol. Statute, 33. *Barnes* v. *Treat et al.* 7 Mass. R. 271. *Picquet* v. *Swan et al.* 4 Mason's R. 444.

2. But, if such legacy, or distributive share, can be attached by virtue of our trustee process, the distributive share

ORANGE,
February,
1838.

Short
v.
Moore, Tr. of
Sampson.

of Mrs. Sampson, of her deceased brother's estate, in the hands of the administrator, cannot be reached by the creditors of her husband.

If choses in action belonging to the wife, at the time of her marriage, be not reduced into the possession of the husband, during the connection, they remain the property of the wife, and, on the dissolution of the marriage, by the death of the husband, survive to her. *Garforth* v. *Bradley*, 2 Ves. 678. *Legg* v. *Legg*, 8 Mass. R. 99. *Schuyler* v. *Hoyle et al.* 5 Johns. Ch. R. 196. *Howes* v. *Bigelow*, 13 Mass. R. 384. *Druce* v. *Dennison*, 6 Ves. 385. *Lodge* v. *Hamilton*, 3 Serg. & Rawle, 493. *Mitford* v. *Mitford*, 9 Ves. 87. Wheatons' Dig. 389. (Pl. 14, 15 and 17.) *Wildman* v. *Wildman*, 9 Ves. 174. Reeve's, Dom. Rel. 1, 3, 4, 62. *Carr* v. *Taylor*, 10 Ves 574. Clancy's rights of women, 3, 4, 6, 7, 8, 10, 92. *Wright* v. *Morley*, 11 Ves. 12. Co. Litt. 351. c. *Donnell* v. *Earle*, 12 Ves. 473. 2 Story's Com. 630, 31, 34, 36. *Smith et al.* v. *Kane et ux.* 2 Paige, Ch. R. 303. 1 Roper's husband and wife, 167, 173 to 187. Chitty on con. 38. 2 Kent's Com. 113, 114. Chitty on P. 20, 21.

The wife's choses in action, accruing during the coverture, as well as those belonging to her at the time of the marriage, are the husband's property only conditionally, that is, provided he reduce them to possession, in her lifetime, and if he does not, and she should die first, then his right to them would be only as administrator, but if he should die first, then she would take them absolutely, by survivorship. This doctrine is well supported by the following authorities, viz ;—

*Garforth* v. *Bradley*, 2 Ves. 678. *Schuyler* v. *Hoyle et al.* 5 Johns. Ch. R. 106, and cases there cited. Clancy's rights of women, 4. *Richardson* v. *Daggett*, 4 Vt. R. 336. 2 M. & S. 393. *Draper, Admr.* v. *Jackson et ux.* 16 Mass. R. 480. 10 Johns. R. 51. 1 Bac. Abr. 480. Co. Lit. 351. Harg. & But. note 304. *Mitford* v. *Mitford*, 9 Ves. 87. *Toller's* Ex. 220.

The husband has but a naked power over a legacy or distributive share of the wife, in the hands of an executor or an administrator, and one which he is not obliged to exercise in favor of his creditors ; nor is such legacy, or distributive share, subject to attachment by trustee process, for

ORANGE,
February,
1838.

Short
v.
Moore, Tr. of
Sampson.

the debts of the husband. This position is well sustained by the following authorities ;—

Vide *Dennison* v. *Nigh*, 2 Watts, R. 90. *Benton* v. *Dutcher*, 3 Day's, R. 436. 4 Vin. Abr. 44. pl. 17.

2. Chancery will not suffer the husband, without the consent of the wife, and much less his assignee or creditor, to take the property, without making a provision for her support out of it. *Gardner* v. *Walker*, 1 Str. 503. *Ex parte Coysegame*, 1 Atk. 192. *Elibank* v. *Montolieu*, 5 Ves. 743. *Murray* v. *Ld. Elibank*, 13 Ves. 6. *Jewson* v. *Moulson*, 2 Atk. 417. *Earl Salisbury* v. *Newton*, 1 Eden, 370. *Kenney* v. *Udall*, 5 Johns. Ch. R. 464. *Howard* v. *Moffatt*, 2 Johns. Ch. R. 206. *Mumford* v. *Murray*, 1 Paige, Ch. R. 620. *Van Epps* v. *Van Deuson*, 4 Paige, Ch. R. 64. Clancy's rights of women, book 5, 440, to end of chapter, also 2d & 3d chapter of the same work.

If chancery, then, would protect the fund in question, for the benefit of Mrs. Sampson, this court most certainly, will hold that Moore, the administrator, is not the trustee of Shubael S. Sampson, the principal debtor. If the interest of the wife would be protected in one court, it should be in the other. To use the language of *Thompson*, J., "the facts being ascertained, the rule of law must be the same in this court, as in a court of chancery." *People* v. *Jansen*, 7 Johns. R. 332. *Richardson* v. *Daggett*, 4 Vt. R. 336. *Rees* v. *Berrington*, 2 Ves. Jr. 542. 2 Swift's Dig. 152.

The opinion of the Court was delivered by

REDFIELD, J.—In this case, the plaintiff claims by this process to hold the interest of the wife, in her ancestor's estate, before decree of distribution, upon the husband's debt. The statute in this state has removed all difficulty, in sustaining this process against executors or administrators, in all cases where the right of the principal debtor is such, that the creditor is entitled to attach in any form.

In this case we think no such right exists in the husband.

1. There has been no decree of distribution, which is indispensable to any right of action whatever, as against the administrator. There may have been advances to the heir, or she may be otherwise indebted to the estate, and until the decree of distribution, the extent of her right is not ascer-

tained, which is the exclusive right of the probate court to do.

2. The right of the husband to this share, even after the decree of distribution, is only conditional. No specific money passes by the decree. It is at most, a mere *chose in action,* and, as such, belongs to the wife until the husband reduce it to possession. *Choses in action,* accruing to the wife during coverture, where the consideration moves from the husband, vest absolutely in the husband, the wife being considered a mere servant. But where she is the meritorious cause of action,—either by her personal services, or by inheritance or bequest,—she may be joined with the husband in a suit to recover the amount due, and, if so joined, the right of survivorship exists, in case of the determination of the coverture before the actual recovery of the same.

It is said in many of the cases, that the mere election, by the husband, to treat choses in action, accruing to the wife during coverture, as his property, either by suing in his own name, which he may do, or by assigning the same, will divest the right of the wife. This would seem to be the present acknowledged rule of the common law. But in chancery such choses in action are treated as the separate property of the wife. That court will, on application, interfere to prevent the husband from squandering such property, and compel him to make a suitable provision for the wife, or else appoint a receiver for her benefit. And it would be unreasonable to permit the creditors of the husband, to reach such property. In *Parks & Co.* v. *Cushman,* 9 Vt. R. 320, this point was decided, and as we now think, upon sufficient grounds.

Judgment affirmed.