ELIJAH NEWELL *v.* HIRAM FERRIS and CHAMPLAIN TRANSPORTA-
TION COMPANY, *Trustees.*

An indebtedness of one summoned as trustee, which accrued from labor per-
formed by the principal debtor after the service of the writ upon the trus-
tee, is attachable by trustee process, and the trustee may be held chargeable
for it.

Such claim is not contingent, within the meaning of the statute, at the time
of the service of the trustee process, if it do not appear that the labor was
performed upon an entire contract, which was not completed at that time.

TRUSTEE PROCESS. The trustees disclosed that, at the time of
the service of the trustee process upon them, they were indebted to
the principal debtor in a balance of $28.15, for labor performed for
them before that time by the principal debtor, and that, at the time
of disclosure, they were also indebted to him for one month's labor
performed by him after the service of the trustee process, amount-
ing to $62.25.

The court held the trustees chargeable for both said sums, and
the trustees excepted.

*C. Adams* for trustees.

1. If it be taken that the principal debtor, at the time of the ser-
vice of the trustee process, was laboring under a contract for service

which had not then expired, then his claim was contingent, and could not have been enforced by him without proof of performance of the contract. It was not a debt, therefore, that could be attached in this case. *Wentworth* v. *Whittemore*, 1 Mass. 471. *Wood* v. *Partridge*, 11 Mass. 493. *Willard* v. *Sheafe*, 4 Mass. 235. Rev. Stat. 193, 529.

2. Credits and debts are correlatives. The trustee has a credit in his hands, when he owes a debt, and not otherwise. The statute enlarges the power of the creditor to attach the *debt* in the hands of the trustee, in the same manner as he might attach the goods of the debtor in his own hands. *Sargeant* v. *Leland*, 2 Vt. 277. *Hitchcock* v. *Egerton*, 8 Vt. 202. *Hutchins* v. *Hawley*, 9 Vt. 295. *Hoyt* v. *Ball & Tr.*, 13 Vt. 129. *Davis* v. *Ham*, 3 Mass. 33. *Ins. Co.* v. *Weeks*, 7 Mass. 438. The attachment is immediate, and not prospective. Hence it may sequester an existing debt, but not a future liability. *Fitch* v. *Waite*, 5 Conn. 118. *Lane* v. *Penniman*, 4 Mass. 91. *Wood* v. *Partridge*, 11 Mass. 493. The idea of an attachment presupposes the existence of the thing to be attached, as *goods*, *chattels*, or *debts*, and every thing beyond is based on an assumption of power over the limbs and labor of the debtor. The wages accruing after the service cannot be holden by the plaintiff. They had no existence at the time of service. *Frothingham* v. *Haley*, 3 Mass. 68. *Andrews* v. *Ludlow*, 5 Pick. 28. *Luptan* v. *Cutter*, 8 Pick. 298. *Willard* v. *Sheafe*, 4 Mass. 235.

*J. Maeck* for plaintiff.

The words made use of in the statute, (Rev. St. pp. 190, 191, §§ 4, 10, 12,) fully embrace this case, and are not, therefore, to be disregarded, or an artificial interpretation given them, without a most palpable and cogent reason. In *The United States* v. *Fisher*, 2 Cranch 368–9, the court say, " Where the words are plain and unambiguous the legislature shall be intended to mean what they plainly expressed, and consequently no room is left for construction." So Ch. J. WILLES, in Willes' R. p. 307, says, " Where the words of an act are doubtful and uncertain, it is proper to inquire what was the intent of the legislature ; but it is very dangerous for judges to launch out too far in searching into the intent of the legislature, when they have expressed themselves in plain and

clear words." Hob. Rep. 93, 97. *Wimbish* v. *Failbays*, Plowd. 57.

The reason and spirit of the law favor our construction. The same year that the legislature exempted the body of a debtor from imprisonment, they extended, by the trustee process, the remedy of the creditor over the debtor's property. The intention of the makers of a law is sometimes to be gathered from the cause or necessity of making it. Plowd. 205. *Straddling* v. *Morgan*, 11 Mod. 161. 1 Show. 491. 6 Bac. Ab. 384. *Williams* v. *Barkley*, Plowd. 252. 11 Co. Rep. 73.

The construction claimed would render void the clause in the statute, " or which shall come into his hands or possession after the service of the writ, and before disclosure made." But the rule is, so to construe a statute that no clause, sentence, or word shall be superfluous, void, or insignificant. *Rex* v. *Brickell*, 1 Shower 108. Hardr. 344. 6 Bac. Ab. 380.

The opinion of the court was delivered by

REDFIELD, J. Under our statute of foreign attachment, passed in 1797, and the several subsequent additions and alterations, as well as the present revised statutes, the liability of the person summoned as trustee is determined according to the state of facts at the time of trial; so that funds coming into the trustee's hands after the service of the writ are held, equally with those coming into his hands before that time. It is true, that, by construction of the statute of 1797, and by express enactment of the present revised statutes, claims *in their nature* contingent have been made not attachable. But we do not perceive how the present indebtedness of the trustee can be considered of that nature. Nothing appears to show that the hiring was for any definite time. We may as well presume it to have been a hiring from day to day, or for a time wholly indefinite, as the contrary ; and indeed more naturally ; for if the principal debtor had not so far performed his contract as to be entitled to pay, it is hardly to be presumed that the trustee would have omitted so important a consideration in his disclosure.

The judgment is therefore affirmed.