OZIAS SEYMOUR *v.* ASA COOPER, & HOMER WRIGHT, TRUSTEE.

*Trustee process.   Liability of Trustee, &c.*

A trustee is chargeable for goods, chattels, or effects, which belong to the principal debtor, and come into his hands after the service of the writ, and before disclosure.

W. was summoned as trustee of C.; at the time of the service of the writ there was no indebtedness, nor had W. goods, chattels, or effects in his hands belonging to C.; but after the service of the writ, and before disclosure, W. bought land of C., and took a deed for the same, and agreed to give C. a horse and wagon, valued at $125, and $200 in money, and take the land subject to certain incumbrances thereon ; at the time of the execution of the deed, W. delivered the horse and wagon to C., and agreed to pay the $200 to C.'s son for C.'s use. *It was held:* 1. That W. was not chargeable for the $125, as that was but an exchange of property. 2. That W. was chargeable for the $200, and that it was subject to the attachment of the process from the time the indebtedness accrued; and if W. had actually paid over the money after the service of the process, he would still be chargeable, as it would be a payment in his own wrong.

TRUSTEE PROCESS. A judgment in this case was rendered against the principal debtor, and the case as between the plaintiff and trustee, was referred to a referee, who reported subtantially the following facts :

That the writ in this case was served on the trustee, on the 25th day of June, A. D. 1844, and that on said 25th day of June, said

trustee did not have any goods, chattels, &c., of the principal debt or in his hands, and was not at that time trustee of said Cooper. That on the sixth day of July, 1844, the said Cooper conveyed to said trustee some real estate, as appears by a deed from said Cooper to the said trustee; that in addition to certain incumbrances on the land, which said trustee was to pay, he agreed to pay the sum of $125 00 in a horse and wagon, which horse and wagon was paid at the time of the execution of the said deed. That he also agreed to pay the further sum of two hundred dollars in money, which last named sum was not paid at the time of the execution of said deed; but said Wright agreed with said Cooper to pay the said two hundred dollars to one David Cooper, the son of the said Asa Cooper. Referee does not find that there was any debt due from the said Asa Cooper to the said David at the time, but that said two hundred dollars was to be paid to said David, in order that the family of the said Asa Cooper might have the means of supporting themselves, while they remained in Shoreham, (where they then resided,) and of joining the said Asa Cooper, at some future time; the said Asa Cooper, at the time of executing said deed, intending to abscond, and did immediately do so on its execution.

The County Court, December Term, 1852,—PIERPOINT, J., presiding,—rendered judgment that the trustee is not chargeable on the foregoing facts.

Exceptions by the plaintiff.

*L. E. Chittenden* and *O. Seymour* for plaintiff.

1. If the court is prepared to give effect to the unequivocal language of the statute, which provides that " every person having " any goods, effects, or credits of the principal defendant, intrusted " or deposited in his hands or possession, *or which shall come into* " *his hands or possession* after the service of the writ, and before " disclosure is made," such goods, &c., may be thereby attached, there is no possible method by which this trustee can escape liability, at least for the $200. Comp. Stat. 256, Sec. 2.

This statute has received repeated constructions in cases identical in principle with the present, in all of which the trustee has been held chargeable. *Newell* v. *Ferris & Tr.*, 16 Vt., 135. *Hurlburt* v. *Hicks & Tr.*, 17 Vt. 193. *Spring* v. *Ayer & Tr.*, 23 Vt. 516.

·2. We insist that the trustee is also chargeable for the $125. He became indebted by the execution and delivery of the deed, and the report finds that "he agreed to pay," &c. The execution of the deed, and the payment of the horse and wagon, were not one and the same transaction, and the trustee process became operative before the horse and wagon were delivered to the principal debtor.

The first clause of section 7 of the trustee act, does not affect the construction given by the court, in the case cited, to the 2d section. The intention of that clause was, that the trustee should not be made chargeable for a demand or debt which might or might not become payable on the happening of some future event. This is manifest from the 8th section of the same act.

3. It is the duty of the court to give effect to both these sections, which cannot be done without holding this trustee chargeable. The statute is strictly remedial, and the court should give the most liberal construction to it, for the purpose of aiding a creditor in collecting his debts. *Newell* v. *Ferris & Tr.*, 16 Vt. cited above.

*Briggs & Conant* for trustee.

1. Comp. Stat. page 256, as to proceedings against trustee. Section 7 provides in terms that no person shall be adjudged trustee, unless at the time of the service of the writ, the money or other thing was due absolutely, without depending on any contingency.

Can it be said that a debt created and made wholly after the service of the writ, was due absolutely at the time of the service of the writ?

Sec. 2 seems to authorize the attachment of the money or other thing after the service of the writ and before the disclosure, and makes an apparent contradiction in terms. The act of 1797, as to absconding or concealed debtors, authorized the *lien* after service, and it was the intention of the legislature to continue that act in force, and extend the remedy to other cases besides those of absconding and concealed debtors, but in the latter case not to have the attachment affect any rights accruing subsequent to the service of the writ. *Spring* v. *Ayer & Tr.*, 23 Vt. 516. *Newell* v. *Ferris & Tr.*, 16 Vt. 137, are authorities, that where a sum is due at the time of the service of the writ, a further sum after the service of the writ will be held in the hands of the trustee.

The rule is like the rule in the action of account, or action on book, where the accounts are to be adjusted up to the time of the audit, but requires a sum to be due at the time of bringing the suit. *Witherell et al.* v. *Evarts*, 17 Vt. 219.

The creditor loses nothing that he had at the time of the service of the writ.

2. Wright never was indebted to Cooper, the defendant.

After the service of the trustee process, Wright bought of Cooper some land, for which he paid him, and never became his debtor.

It is claimed that the note given to David Cooper was a debt due to Asa Cooper, the defendant—if so, it was an obligation to pay David Cooper, and given in payment for the land purchased.

This is not the case of an obligation given for a debt to a third person to keep it from creditors, but is rather a payment for property purchased subsequent to the service of the trustee process. *Hoyt* v. *Ball*, 13 Vt. 129.

Trustee action can be maintained only for such a debt as the defendant could himself enforce by an action at law.

The opinion of the court was delivered by

ISHAM, J. A judgment in this case, having been rendered against the principal debtor, the question now arises upon the liability of the trustee. The process was served upon the trustee on the 25th day of June, 1844, and from the disclosure it appears that at that time there were no goods, chattels, or estate in his hands, belonging to the principal debtor. If a disclosure had been made at that time, the trustee would have been entitled to a discharge.

We learn from the report, however, that after the service of this writ, and before his disclosure, the trustee became the purchaser of real estate from the defendant ; and in addition to the incumbrances then resting upon the land, agreed to pay $125 00 in a horse and wagon, which, it is stated, was paid and delivered at the time of the execution of the deed, and also agreed to pay the further sum of $200 00 in money to David Cooper, the son of this defendant.

It is insisted that a recovery cannot be had in this process, for this subsequent indebtedness of the trustee ; and that he cannot be made chargeable, unless at the time of the service of this process, some effects were in his hands liable to be attached as the proper-

ty of the principal debtor. The 2d section of the Compiled Statutes, p. 256 provides, " that every person, having any goods, effects, " or credits, of the principal defendant in his hands or possession, " or which shall come into his hands or possession after the service' " of the writ, and before disclosure is made, may be summoned as " trustee, &c." If the question depended upon a construction of this section, it is evident that its language is sufficiently broad and definite to charge the trustee, whether the effects came into his hands before or after the service of the writ. It is made a matter of positive legislation, that the plaintiff is entitled to judgment against the trustee, in either case, unless the operation of that section is otherwise controlled by some other provision of the statute.

It is claimed that such effect is produced by the 7th section of the same act. It is obvious, however, that that section simply provides that a person shall not be adjudged trustee, when, at the time of the service of the writ, the existence of the claim depends upon a contingency of such a character, as to render it uncertain whether a claim will ever arise. It simply excepts claims of that character from the operation of the trustee process, without having any reference to the general liability of the trustee under the act. Whenever, therefore, a claim exists not subject to such contingency, it falls under the provision of the 2d section, and is subject to be attached by this process, whether it existed before, or arose after the service of the process. This has been the uniform construction of the act since its passage. The cases of *Newell* v. *Ferris*, 15 Vt. 135, and *Spring* v. *Ayer*, 23 Vt. 516, have settled the construction of the act, in allowing claims occurring subsequent to the service of the writ, where there was also an indebtedness at the time of the service ; and the case of *Hurlburt v. Hicks*, 17 Vt. 193, sustains the construction, that where there was no indebtedness on the part of the trustees, when the writ was served, yet, if after the service, and before disclosure, goods, chattels, or effects came into their hands, belonging to the principal debtor, they were chargeable therefor, as trustees ; and this decision must be considered as conclusive in this case, and as settling the practical construction of the act.

The case is then resolved into the inquiry, whether there were effects in the hands of this trustee, belonging to the principal debtor, at any time after the service of the writ, and before dis-

closure by the trustee. The plaintiff claims to recover the $125 00, which was paid towards the land in a horse and wagon. This property, it appears, was delivered at the time of the execution of the deed, and the title to which passed at the time of the conveyance of the land. This was, therefore, more properly an exchange of property, rather than as creating effects in the hands of the trustee, for which he would be chargeable in this suit. In relation to that matter, therefore, we think the trustee is not chargeable. But we think he is chargeable for the $200 00, which was to be paid in money.

In relation to that claim, it is distinctly stated, that there was no indebtedness from David to Asa Cooper, for which the money was to be paid to him; but on the contrary, it is stated, that the money was to be placed in his hand for the use and benefit of the principal debtor. It does not appear from the case, but that the money is still due from the trustee to the defendant, or that it has ever been paid to him or David Cooper. If so, it is effects in the hands of the trustee, belonging to the principal defendant; and his agreement to pay the same to David Cooper, will not discharge him from his liability as trustee. *Camp* v. *Scott & Tr.*, 14 Vt. 387. *Marsh* v. *Davis*, 24 Vt. 366. Neither would he be discharged, if the money had been actually paid over, after the service of this process, as it would be a payment in his own wrong. The claim was subject to the attachment of this process, from the time it accrued.

The result is, the judgment of the County Court is reversed, and the trustee is adjudged chargeable for the $200 00 specified in the report, with interest.