AUSTIN HARMON v. ELIZABETH HARWOOD, AND TRUSTEE. LOVINA HARWOOD.

*Trustee Process.　Justice of the Peace.　Jurisdiction.*

In a trustee process, brought before a justice of the peace, whether before the justice or in the county court on appeal, a trustee who makes no disclosure will be held chargeable for the amount of the judgment against the principal debtor, though such judgment, by reason of the allowance of costs, exceeds one hundred dollars.

TRUSTEE PROCESS.　This case was originally commenced before a justice of the peace, by whom judgment was rendered for the plaintiff for $92.82 damages and $4.09 costs against the principal debtor. The trustee made no appearance before the justice, and she was defaulted and adjudged chargeable for $96.91, the amount of the judgment against the principal debtor. The principal debtor appealed to the county court. At the term of the county court when the appeal was entered, the trustee made no appearance. The cause was at that term continued. At the next term an appearance was entered on the docket for the trustee, but no disclosure or declaration by the trustee or her counsel was ever filed in the cause. After several continuances a judgment was finally rendered for the plaintiff against the principal debtor for $100 damages and $35 costs, and the judgment of the justice of the peace against the trustee was affirmed, and the trustee adjudged chargeable for the amount of the judgment rendered by the county court against the defendant. To this judgment against the trustee, she excepted.

*T. Sibley* and *J. B. Meacham*, for the trustee.

*A. B. Gardner*, for the plaintiff.

ALDIS, J.　By the 79th section of chapter 32, Comp. Stat., relating to the trustee process, a justice has jurisdiction when the sum in demand does not exceed $100. This follows the language of the statutes giving jurisdiction to justices in civil suits. It seems to give the power to render just the same judgment against the trustee that they have against a defendant.

And it seems reasonable that the power to render a judgment against the one should be co-extensive with the other. If so, a justice may render a judgment against a trustee for the amount of damages and costs recovered against the principal debtor. But as the damages can not exceed $100, so the trustee can only be held liable for $100 damages and costs.

But for the $100 damages and for the costs, the trustee may be adjudged liable, though such costs when added to the damages shall exceed $100. By the appeal of the principal debtor the judgment of the justice of the peace against him was vacated, and hence the amount for which the trustee might be liable became uncertain. See sections 26 and 80 of chapter 32 of Comp. Stat. The trustee not appearing to disclose and limit the extent of his liability, he became liable " for the amount of the damages and costs recovered by the plaintiff *at the time the judgment was rendered* against the principal defendant," sec. 26 Comp. Stat., chap. 32. If the trustee had reason to fear that the accumulation of costs in the suit between the plaintiff and the defendant would rise to a larger sum than she owed the defendant, she should have limited the extent of her liability by disclosure ; and in the absence of such disclosure the court could only render the judgment they did.

Judgment affirmed.