## LOUIS SENNA

### v.

## T. B. KENNEDY AND TRUSTEE TOWN OF ST. ALBANS.

JANUARY TERM, 1896.

*Trustee process. Debt due upon contingency. Compensation of town officers.*

A town cannot be held liable as trustee for compensation due one of its listers for services, if the same was voted after the service of the writ upon it, for nothing would be due absolutely at the time of service.

Assumpsit.. Heard upon the report of a commissioner at the September term, 1895, Franklin county, MUNSON, J., presiding. Judgment that the trustee is chargable. The. trustee excepts.

*Wilson & Hall* for the trustee.

The town owed the defendant nothing when the writ was served, and cannot be held liable as trustee. V. S., s. 1305; *Williams* v. *Boardman & Trustee*, 9 Allen 570; *Walker* v. *Cook & Trustee*, 129 Mass. 577; *Baker* v. *Estey & Trustee*, 19 Vt. 131; *Burnham* v. *Beal*, 14 Allen 217; *Barnes* v. *Town of Bakersfield*, 57 Vt. 375.

*M. Buck* for the plaintiff.

START, J.  The defendant was· elected one of the trus-
tee's listers in March, 1892.  He took the oath of office, and
also took and subscribed to the oath required to be attached
to the list, as made and returned to the town clerk's office.
The writ was served on the 24th day of May, 1892, and in
March, 1893, the trustee voted to pay the defendant, as
lister, $90.  There was no evidence except as above stated,
that the defendant performed the duties of a lister for the
trustee.  If the above facts were not admissible for the pur-
pose of showing that the defendant rendered services as
lister, the commissioner does not find that the defendant per-
formed any services for the trustee, but does find that the
sum voted and paid by the trustee was a mere gratuity.  If
these facts are presumptive evidence that the defendant, as
lister, rendered services for the trustee, the commissioner
finds, that, at the time of the service of the writ, there was
nothing due absolutely from the trustee to the defendant,
and that compensation for his services was contingent upon
the trustee's thereafter voting to pay for such services.  It
does not appear that the plaintiff excepted to any of these
findings.

If the defendant did not perform any services as one of the
trustee's listers, the trustee's promise was without consider-
ation and not enforceable, and its payment of the $90 was a
mere gratuity.  If the defendant served as lister at the time
the writ was served, there was nothing due to him abso-
lutely and without contingency.  V. S., s. 3059, requires
town auditors to adjust the accounts of town officers before
each annual town meeting, and report such accounts, with
the items thereof, to the town at such meeting.  Section 3060
forbids the allowance, by auditors, of any claim in favor of
a town officer for personal services, except when compensa-
tion is fixed by law or by vote of the town, and requires the
auditors to report the nature and extent of such services to
the town.  Section 2993 provides that towns at their an-

nual meetings may fix the compensation of town officers.

The defendant was a town officer, and at the time the writ was served, his compensation, as such officer, was not fixed by law or by the vote of the trustee; and it was not shown that it was customary for the trustee to pay such officers for their services. Therefore, at the time the writ was served, he had no right of action against the trustee for the recovery of compensation for his services, and never would have, unless the trustee thereafter voted him a compensation. · In *Boyden* v. *Brookline*, 8 Vt. 284, it is held that a town officer, as such, has no legal claim against a town for compensation for official services rendered, unless by an express vote of the town, or a uniform usage to pay that particular officer, from year to year for his services. In *Barnes* v. *Bakersfield*, 57 Vt. 375, it is held that a lister can recover only such compensation for his services as the town votes him.

Assuming that the defendant performed services as lister, there was no express or implied promise to pay for the services until long after the writ was served. At the time the writ was served, compensation for his services was dependent and contingent upon the future action of the trustee. It might never take action respecting his services, and, if it did, it might refuse to allow any compensation. Therefore, there was nothing due absolutely and without contingency. V. S., s. 1311, provides that no person shall be adjudged a trustee by reason of any money or other thing due from him to the principal defendant, unless it is at the time of the service of the writ upon him, due absolutely and without contingency. In *Buck* v. *Whitcomb & Trustee*, 13, Vt. 421, it is held that a promissory note, payable when the payee removes certain incumbrances upon real estate, is payable upon a contingency, and, during the contingency, is not subject to attachment by trustee process. When the trustee voted a compensation for the defendant's services,

its action related back to the time the services were per-
formed and was in consideration of the services, but, until
this action was taken, the debt was payable upon a contin-
gency. It was not a debt *in presenti* to be discharged in
the future. The contingency affected the debt itself, and
the debt itself rested upon a contingency; and, until this
contingency was removed, it was not subject to attachment
by trustee process. The contingency had not been re-
moved at the time the writ was served upon the trustee;
therefore, the trustee is not chargeable.

*Judgment reversed, and judgment that the trustee be
discharged with costs.*