C. C. BALDWIN *v.* C. F. PERCIVAL AND AMASA L. FRASIER'S ADMR. TRUSTEE.

January Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON AND TAYLOR, JJ.

Opinion filed October 14, 1914.

*Trustee Process—Property Thereby Attachable—Interest of Heir or Legatee—Necessity for Decree of Distribution—Property in Trustee's Hands After Disclosure—"Disclosure"—Requisites and Sufficiency.*

Before the decree of distribution of a decedent's estate, and until the expiration of the time therein fixed for payment, there is no debt

due from the executor or administrator to the legatee or heir, and so until then there is nothing in the hands of the executor or administrator which can be attached by trustee process in an action against the legatee or heir.

The "disclosure" that determines the rights of the parties and which is meant by P. S. 1658, providing that the goods and credits in the hands of the trustee at the time of the service of the writ, or which come into his hands or possession before disclosure, may be attached, is the "disclosure" that the trustee is required to file, and not that taken by the commissioner in the proceedings before him; and so goods or credits that come into the possession of the trustee after he has filed his disclosure cannot be held by the trustee process.

The disclosure required to be filed by the alleged trustee is analogous to an answer in chancery, and in making it the law exacts the utmost good faith, and requires the trustee to disclose all the material facts affecting his liability, and the legal and equitable rights of other claimants of the funds in his hands.

ASSUMPSIT begun by trustee process; Simpson Clark, claimant. Heard on the facts found by the commissioner as to the liability of the trustee, at March Term, 1913, Orleans County, *Stanton,* J., presiding. Judgment discharging trustee with costs, and that the fund in his hands belongs to the claimant. The plaintiff excepted. The opinion states the case.

*J. W. Redmond* and *W. W. Reirden* for the plaintiff.

*Young & Young* for the claimant.

WATSON, J. The statute (P. S. 1658) provides that, "A person or corporation may be summoned as a trustee of the defendant, and the goods, effects or credits of the defendant which are in the hands of such trustee at the time of the service of the writ upon him, or which came into his hands or possession before disclosure, shall thereby be attached and held to respond to final judgment in the suit, except as hereinafter provided"; also (P. S. 1660) that, "A debt or legacy due from an executor or administrator, and other goods, effects or credits in his hands, may be attached by trustee process."

In this case the plaintiff seeks to hold by such process served upon the administrator of Amasa L. Frasier's estate, the distributive share of the principal defendant, as heir at law, in the estate.

By P. S. 2944, after payment of the debts, funeral charges and expenses of administration, and after allowance made for the maintenance of the family of the deceased, and for the support of children under certain age, and after assignment to the widow of the portion of the estate given her by law, or when sufficient effects are reserved in the hands of the executor or administrator for the above purposes, the probate court shall assign the residue of the estate to the persons entitled to the same; and in its order the court shall name the persons, and the proportions or parts to which they are severally entitled; and said persons may demand and recover their respective shares from the executor or administrator or any other person having the same in his possession. By section 2945, the heirs, devisees or legatees shall not be entitled to an order for their shares until the payment of the debts and allowances mentioned in the preceding section, and the expenses provided for, unless they give a bond to secure the payment of them and to indemnify the executor or administrator against the same. All estates are now settled as insolvent, (*Bank* v. *Kidder,* 20 Vt. 519; *Hurlburt Brothers* v. *Hinde,* 86 Vt. 517, 86 Atl. 739), and the personal representative is not to be taken as having any assets for distribution among the heirs until a decree therefor is made by the probate court. A decree of distribution is indispensable to any right of action against the executor or administrator, (*Short* v. *Moore and Trustee,* 10 Vt. 446; *Husted* v. *Stone and Trustee,* 69 Vt. 149, 37 Atl. 253), and no action can be maintained by the heirs until the amount of the estate to which they are entitled has been settled and determined by that court. *Adams* v. *Adams,* 16 Vt. 228; *Husted* v. *Stone and Trustee, supra.* Not before such a decree has been made and the time fixed for payment has expired does the amount decreed became a debt due from the executor or administrator to the heir or legatee. Until then the ownership of the fund is in the estate. *Husted* v. *Stone and Trustee,* cited above. It follows that at the time the trustee process was served on the trustee the defendant had no cause of action against him, and consequently, since the attaching creditor stands in the shoes of the principal debtor, there was nothing to attach. *Kettle*

*v. Harvey,* 21 Vt. 301; *J. G. Smith & Co.* v. *Stratton,* 56 Vt. 362; *Husted* v. *Stone and Trustees, supra.*

Whether the provision of the statute, (P. S. 1658,) whereby goods, effects or credits of the defendant, which come into the hands or possession of the trustee after the service of the writ and before disclosure, are covered by the attachment, is applicable in a case where, in a suit against a legatee or heir, the executor or administrator is served with trustee process prior to any order of distribution, but such order is made before disclosure, we are not called upon to determine; for in this case the disclosure was filed before order of distribution was made. The right of attachment by trustee process in this State is by statute only, and in cases outside of the provisions of the statute this process will not lie. *Boyden* v. *Ward and Trustee,* 38 Vt. 628; *Hemmenway* v. *Pratt and Trustee,* 23 Vt. 332.

It is argued however that since the hearing before the commissioner on the disclosure of the trustee was had on November 14 and December 30, 1912, the trustee's disclosure required by section 1691 of the Public Statutes, was not made until the latter date. With this contention we can not agree. In proceedings by trustee process, the trustee is summoned "to appear * * * and make disclosure according to law, of the goods, chattels, rights or credits of the" defendant, which the trustee may have in his hands or possession. If he does not appear and answer he shall be defaulted and adjudged chargeable for the amount of damages and costs recovered against the principal defendant (P. S. 1683-1684); and if he appears but makes no disclosure or declaration, he is chargeable under the statute to the same extent. *Harman* v. *Harwood and Trustee,* 35 Vt. 211. "If a supposed trustee appears in person or by attorney, and declares in writing that he had not at the time of the service of the writ, nor has since had, in his hands or possession any goods, effects or credits of the defendant, and submits himself thereupon to examination upon oath, and if the plaintiff declines to examine him, or upon examination and further proceedings his declarations appear to be true, he shall be discharged." P. S. 1685. "If a person so summoned admits that he has in his hands or possession goods, effects or credits of the defendant, or wishes to refer that question to the court upon the facts, he may, instead of the declaration before mentioned, make a declaration setting forth such facts as he deems material, and submit

himself thereupon to a further examination on oath; and such declaration, with the further examination, if. any, shall be sworn to as before provided." P. S. 1687. The disclosure and examination of such person, is not conclusive upon the question of his chargeableness. Either party may allege and prove facts material to that issue. P. S. 1688. The issue thus formed may be tried by the court, or may; in the discretion of the court, be submitted to a jury, in cases where no commissioner has been appointed. P. S. 1689. "When a person summoned as trustee in county court appears and files a disclosure denying his liability, or submits such question to the court upon a statement of facts, the court in its discretion may, or, upon application of the plaintiff, trustee or claimant, shall appoint one or more commissioners to take the disclosure of such trustee. They shall hear the testimony adduced by the parties as to his liability or the right of the claimant, determine questions with reference thereto, and report to the court the facts with their decision thereon." P. S. 1691. A commissioner may summon the trustee before him to make disclosure, and he shall take the disclosure in writing and certify and return the same to the court with his report; and the judgment shall be rendered on the report, if no cause be shown to the contrary, according to the rights of the parties, with costs. P. S. 1692-1694.

The disclosure required to be filed by the trustee, has been considered as analogous to an answer in chancery, and it "is ordinarily regarded, not so much in the character of *testimony*, as in that of admission or denial, on the part of the trustee." *Downer* v. *Topliff and Trustee,* 19 Vt. 399. In making it, the law exacts the utmost good faith, and requires the trustee to disclose the material facts affecting his liability, and the legal and equitable rights of other claimants of the funds in his hands. *Parker* v. *Wilson,* 61 Vt. 116, 17 Atl. 747; *Holmes* v. *Clark,* 46 Vt. 27; *Enright* v. *Beaumond,* 68 Vt. 249, 35 Atl. 57.

The foregoing provisions of the statutes, and the holdings of the court in the respects named, show beyond question that the liability of the trustee is to be determined with reference to the time of the service of the writ upon him and thereafter until he files his disclosure. It is upon his disclosure made covering this period that he may submit himself to examination upon oath, and it is upon such a disclosure that an issue may be formed to be tried by a commissioner or otherwise, as specified.

in the statute.   See *Rindge* v. *Green*, 52 Vt. 204; *Chaffee* v. *Rutland R. R. Co.*, 55 Vt. 110, 140.   Any other construction would be inconsistent with the provision in section 1685 of the statutes that if "upon examination and further proceedings his (trustee's) declarations appear to be true, he shall be discharged." We therefore hold that the "disclosure" referred to in section 1658 of the statutes, is that which the trustee is required to file, and not that taken by a commissioner in further proceedings under sections 1691-1693.

The foregoing conclusions render immaterial the questions argued respecting the rights of the claimant.   Since neither at the time the writ was served upon the trustee, nor afterwards before disclosure, was there any debt or legacy due from the trustee, nor goods, effects or credits in his hands that could be attached by trustee process against the principal defendant, there was no fund in the trustee's hands, which in these proceedings could be adjudged to belong to the claimant.

*Judgment that trustee is not chargeable is affirmed with costs to the trustee; and the judgment that the fund in trustee's hands belongs to the claimant is reversed.   Let the claimant recover his costs.   To be certified down.*