Island Pond National Bank *v.* Lemuel Chase et al.

February Term, 1928.

Present:  Watson, C. J., Powers, Slack, Moulton, and Chase, JJ.

Opinion filed April 20, 1928.

*Oliver H. Cameron* for the plaintiff.

*Walter H. Cleary* for the claimant, Town of Charleston.

MOULTON, J.   This case comes before us upon exception by the plaintiff to the ruling of the trial court in discharging the trustee.   The facts are not in dispute.   They have been agreed upon.

The trustee, E. A. Bemis, is the administrator of the estate of Marie Louise Chase.   The defendant is her surviving husband, and her sole heir at law.   The writ in the suit of the plaintiff was served upon the trustee on July 2, 1927.   The decree of distribution was made on July 12, 1927; and by it all the property of the estate, including approximately $900 in cash was decreed to the defendant.   On July 13, 1927, the Town of Charleston brought suit against the defendant, and summoned Bemis as trustee.   On September 28, 1927, Bemis filed his disclosure in the suit brought by the plaintiff.   Both the plaintiff and the Town of Charleston have obtained judgments against the defendant by default, but the combined amount of these judgments does not equal $900.   The liability of Bemis in the suit by the Town of Charleston has not yet been determined, but the Town has entered as claimant in the instant suit.

The plaintiff admits that at the time of the service upon the trustee, no goods, effects or credits of the defendant were in his hands and possession, because the decree of distribution had not then been made; and this is so, because, until that time, the defendant himself had no cause of action against the administrator, and consequently since the attaching creditor stands in the shoes of the principal debtor, there was nothing to attach. *Baldwin* v. *Percival and Trustee,* 88 Vt. 211, 213, 92 Atl. 101, and cases cited.   But the plaintiff claims that since there were goods, effects and credits belonging to the defendant in the hands of the trustee at the time of his disclosure, he should have been held chargeable with them.

This particular question was expressly left undecided in *Baldwin* v. *Percival and Trustee, supra,* at p. 214 (92 Atl. 201). In that case, an administrator was summoned as trustee and made disclosure before the decree of distribution was made. Here, we have a different situation, and, moreover, there is no question of priority between the plaintiff and the Town of

Charleston, because, if the trustee is chargeable, there is enough for both. See *Bullard* v. *Hicks et al.,* 17 Vt. 198, 199.

G. L. 1937 provides that: "A person or corporation may be summoned as trustee of the defendant, and the goods, effects or credits of the defendant which are in the hands ·of such trustee at the time of the service of the writ upon him, or which come into his hands and possession before disclosure, shall thereby be attached and held to respond to final judgment in the cause, except as hereinafter provided." G. L. 1939 is as follows: "A debt or legacy due from an executor or administrator, and other goods, effects or credits in his hands may be attached by trustee process." And G. L. 1943: "A person shall not be adjudged a trustee by reason of any money or other thing due from him to the principal defendant, unless it is, at the time of the service of the writ upon him, due absolutely and without contingency. * * * * * *"

The liability of the trustee is to be determined with reference to the time of the service of the writ upon him, and thereafter until he files his disclosure. *Baldwin* v. *Percival and Trustee, supra,* at p. 215 (92 Atl. 101). In *Northfield Trust Co.* v. *Cutting et al.,* 95 Vt. 343, 354, 115 Atl. 289, it is said, following *Newell* v. *Ferris,* 16 Vt. 135, and other cases, that the liability of the person summoned as trustee is determined according to the state of facts at the time of trial. But the language of these cases is to be read with reference to the provision of G. L. 1943, that, in order that there shall be any liability at all, there must be, at the time of the service of the writ, money or other things due from the trustee to the principal debtor absolutely and without contingency.

It was held in *Seymour* v. *Cooper and Trustee,* 25 Vt. 141, that, where at the time of service of process, no goods, chattels, and credits belonging to the principal debtor were in the hands of the person summoned as trustee, but such thereafter and before disclosure came into his hands, and the claim against him was due absolutely and without contingency, he was chargeable. This decision is based upon a construction of Comp. Stats. 1850, Chap. 32, §§ 2 and 7. These sections are, so far as is here material, identical with G. L. 1937 and 1943.

In *Senna* v. *Kennedy and Trustee,* 68 Vt. 172, 34 Atl. 691, the principal debtor had been elected a lister of the town of St. Albans. His compensation was, by statute, dependent upon the

vote of the town. Before any such vote was taken, the writ was served upon the town as trustee. It was held that, at the time the writ was served, he had no right of action against the trustee for compensation for his services, and never would have, unless the trustee thereafter voted him compensation. There was no express or implied promise to pay for his services until after the writ had been served, and his compensation was dependent and contingent upon the future action of that trustee, which might never take action, or, if it did, refuse to allow compensation. Therefore there was nothing due absolutely and without contingency, and the trustee should be discharged.

█ Previous to the decree of distribution in the instant case, there was, as we have seen, no right of action on the part of the principal debtor against the administrator. *Baldwin* v. *Percival, supra; Husted* v. *Stone and Dean,* 69 Vt. 149, 152, 153, 37 Atl. 253; *Short* v. *Morse,* 10 Vt. 446, 450. Nor could it be said that there would ever be such a right of action, because the estate was being administered as if insolvent, as are all estates under our law (*Baldwin* v. *Percival, supra*), and the right of the heir to receive any part thereof is dependent and contingent upon there being a balance in the hands of the administrator for distribution after the payment of all debts and expenses of administration properly chargeable against the estate. At the time of the service of the writ, for all that appears, the amount and number of the debts had not been ascertained, and might have been sufficient to absorb all the assets of the estate. Even if the report of the commissioners had been filed, other creditors might thereafter have appeared, and, the commission having been renewed, have proved their claims. Appeals from disallowed claims might have been taken, and resulted adversely to the estate. Therefore, the claim of the heir was, at the time of the service of the writ, one dependent upon a contingency of such a character as to render it uncertain whether a claim would ever arise. Thus it was not due absolutely and without contingency and was within the provision of G. L. 1943. *Seymour* v. *Cooper and Trustee,* 25 Vt. 141, 145.

*Judgment affirmed.*