PROBATE COURT, HELEN E. SELLECK, PROSECUTRIX, *v.* AMERICAN FIDELITY CO.

Special Term at Rutland, November, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 4, 1944.

*Fred E. Gleason* for the defendant.

*Vernon J. Loveland* for the plaintiff.

SHERBURNE, J. This is an action brought pursuant to P. L. 3059 against the defendant as surety upon the bond of Carl Morgan, administrator of the estate of Harrison Gregg. The prosecutrix as an heir at law seeks to recover as damages the sum decreed to her by the probate court. Judgment was entered for the penalty of the bond, pursuant to the statute, and thereafter the cause was heard on the breaches of the bond assigned by the prosecutrix. Findings of fact were made and judgment was entered for the prosecutrix, to which the defendant has excepted.

So far as material to the exceptions briefed the findings show the appointment of Carl Morgan as administrator, and the decree of the probate court, which sets forth that the administrator having refused and neglected to render an account, and "it having been ascertained by said court that the gross amount of said estate is $4148.09 which includes certain real estate in the Town of Johnson, valued at $600.00, therefore, the said probate court, as a matter of discretion doth hereby decree said estate to the heirs as follows: One-third interest in real estate to Carrie Morgan of Rutland, Vt., one-third interest in real estate to Helen Selleck of Rutland, Vt., one-third interest in real estate to Gladys Fisk of Morristown, Vt., also one-third interest in the personal property to Carrie Morgan, one-third interest in the personal property to Helen Selleck, one-third interest in the personal property to Gladys Fisk, all of which is subject to a collateral inheritance tax of $207.40, and the balance of the probate fees. To have and to hold the same as aforesaid to Carrie Morgan, Helen Selleck and Gladys Fisk, heirs, executors, administrators and assigns forever. And said Carl Morgan is ordered to pay over and deliver said estate according to said decree within ten days."

At the trial the defendant offered a copy of the commissioners' report showing claims allowed against the estate, and also offered to show a number of items paid by the administrator in the administration of the estate, including funeral expenses. These were all excluded on the ground that the decree of the probate court was conclusive, and the defendant excepted. As stated in defendant's brief, these exceptions raise the question whether, in an action such

as this on the question of damages suffered by the prosecutrix, the defendant should have been allowed to show payments actually made by the administrator, in order to determine how much, if anything, was actually available for distribution.

Under our statutes the probate court is given plenary and exclusive jurisdiction in the matter of settlement of estates. *Abbott* v. *Abbott,* 112 Vt 449, 452, 28 A2d 375; *First National Bank* v. *Commissioner of Taxes,* 111 Vt 281, 295, 16 A2d 184; *Kreichman* v. *Webster,* 110 Vt 105, 109, 2 A2d 199; *In re Estate of Curtis,* 109 Vt 44, 49, 192 A 13; *Walker's Guardian* v. *Hendee,* 100 Vt 362, 364, 137 A 334; *Sparrow* v. *Watson,* 87 Vt 366, 370, 89 A 468; *Hurlburt Brothers* v. *Hinde,* 86 Vt 517, 521, 86 A 739; *Powers* v. *Powers Estate,* 57 Vt 49, 52. That court has exclusive jurisdiction of the settlement of the accounts of executors and administrators, and their adjustment cannot be drawn into another court. *Smith* v. *White's Estate,* 108 Vt 473, 480, 188 A 901; *Probate Court* v. *VanDuzer,* 13 Vt 135, 140. A decree of distribution is indispensable to any right of action against the executor or administrator by the heirs, and no action can be maintained by them until the amount of the estate to which they are entitled has been settled and determined by that court. *Island Pond National Bank* v. *Chase,* 101 Vt 60, 63, 141 A 474, 59 ALR 766; *Baldwin* v. *Percival,* 88 Vt 211, 213, 92 A 101; *Husted* v. *Stone,* 69 Vt 149, 152, 37 A 253; *Adams* v. *Adams,* 16 Vt 228, 230; *Short* v. *Moore,* 10 Vt 446, 450.

It follows that if the probate court had jurisdiction to make the final decree in question it is conclusive as to the administrator, and not subject to collateral attack by him, and if he were being sued here he would be bound by the terms thereof as to the amount to be distributed.

By the terms of the bond given to the probate court the administrator was obligated to render a true and just account of his administration within one year and at any other time when required by such court, and to perform all orders and decrees of the probate court by him to be performed in the premises. P. L. 2778. It is very apparent that the defendant as surety was not a necessary party to the administrator's accounting. In *In re Scott's Account,* 36 Vt 297, 302, it was held that a surety upon a guardian's bond cannot become a party to the accounting of his principal. The same rule would apply to a surety upon an admin-

istrator's bond, except for the provisions of No. 84 of the Acts of 1876, enacted after the foregoing decision, which has now been carried forward into P. L. 2822 and P. L. 3280, allowing the surety upon such bonds, upon his application, to be admitted as a party to the accounting. These sections of the statute do not make the surety a necessary party.

The nature of the surety's liability on such a bond is aptly expressed in *Judge of Probate* v. *Quimby,* 89 Me 574, 36 A 1049, 1050, a case where it was held that the sureties on an executor's bond could not, on the ground that they had no opportunity to be heard, escape being bound by a judgment in a proceeding in which their principal's account was settled, the court saying: "The sureties were fully and effectually represented in the probate court by their principal, or in this case by his representative, his administrator. They signed the bond for the protection of the estate, and of all persons interested in it, against their principal. In signing it they, in effect, stipulated that their principal should abide and perform the decrees of the probate court upon all questions between him and the estate within the court's jurisdiction. They did not stipulate for any opportunity to object to any proceedings. They intrusted the representation of their principal's rights and interests to the principal himself. As well might the sureties upon an appeal bond question the judgment of the appellate court as the sureties upon a probate bond question the decree of the probate court in cases within its jurisdiction."

■ Where a judgment or decree against the principal is necessary to fix the liability of a surety, or where the latter expressly, or by reasonable implication, agrees to abide such judgment or decree, it is conclusive against him though not a party thereto, in the absence of fraud or collusion. *Ballantine & Sons* v. *Fenn,* 84 Vt 117, 78 A 713, 40 LRANS 698; *Chamberlain* v. *Godfrey,* 36 Vt 380, 383, 84 Am Dec 690; *Fletcher* v. *Jackson,* 23 Vt 581, 592, 56 Am Dec 98. Here a decree of distribution was necessary to fix the liability of both the administrator and the defendant as surety, and the defendant expressly, or by necessary implication, agreed to abide by such decree. The defendant was in privity with the administrator, and the decree is as conclusive against it as against the administrator. The offered evidence was properly excluded.

The defendant in its brief asserts that the decree was void because not in compliance with P. L. 2974, providing for an assign-

ment of the residue to the persons entitled thereto after payment of the debts, funeral charges and expenses of administration, or the reservation of sufficient effects for such purpose.

■ A court of probate does not proceed according to the common law, but has a special and limited jurisdiction given by the statute; and if it appears on the face of the proceedings that it has proceeded in a manner prohibited or not authorized by law, its orders and decrees are absolutely void, and may be treated as a nullity. *Probate Court* v. *Indemnity Ins. Co.* of N. A., 106 Vt 207, 210, 171 A 336; *Barber* v. *Chase*, 101 Vt 343, 351, 143 A 302; *White* v. *White*, 91 Vt 74, 77, 99 A 305; *Probate Court* v. *Winch*, 57 Vt 282, 284, *Hendrick* v. *Cleaveland*, 2 Vt 329, 338. The opinion in *Barber* v. *Chase, supra*, quotes from *In re Wooley*, 96 Vt 60, 63, 117 A 370, as follows:

> "Generally speaking, when a court has jurisdiction of the parties and the subject-matter, its judgments and decrees, however erroneous, cannot be impeached in a collateral proceeding. But to effect this result, the court must have authority to render the particular judgment or decree that is assailed; or, in other words, orders or judgments which the court has not the power under any circumstances to make or render are void, and their nullity can be asserted in any collateral proceeding where they are relied on in support of a claim. * * * This lack of authority to make or render a particular order or judgment is akin to lack of jurisdiction of the subject-matter."

The opinion in *Barber* v. *Chase, supra*, then goes on to illustrate the difference between an erroneous exercise of authority and the assumption of power not authorized by law. As there said: "The probate court has jurisdiction to order the estate distributed to the heirs or legatees, and if, in so doing, some are omitted, this is a mistake of law or of fact, and while such decree may be erroneous, it is not a nullity."

■ The decree does not state that it is made after payment of the debts, funeral charges and expenses of administration. If we assume a case where due notice had been given to show cause why the account of the administrator should not be allowed, and why the

residue of the estate should not be distributed to the parties entitled thereto, but the decree of distribution says nothing about the payment of debts, funeral charges and expenses of administration, the situation is no different in legal effect from that in which one of the heirs is omitted. The decree may be erroneous, but it is not a nullity. If there were any unpaid creditors of the estate, whose claims had been allowed by commissioners, or if there were those who had not received payment for services and expenses in connection with the funeral, funeral expenses being debts against the estate, *Baldwin* v. *Taplin,* 113 Vt 291, 34 A2d 117, 121; *Mathie* v. *Hancock,* 78 Vt 414, 417, 63 A 143, their remedy was by appeal. Here, if the administrator had paid all these items and all other proper claims in connection with the administration of the· estate he should have rendered an account when ordered to do so, setting forth such payments if he desired them to be allowed by the probate court. For failure to do so, or to appeal from the decree of the probate court, both he and the defendant as surety upon his bond are now bound to abide by the terms of the decree. As said in *Probate Court* v. *Chapin,* 31 Vt 373, 377, "The failure or refusal of the defendants to appear when cited, and render their account, might make it more difficult for the plaintiffs to procure the necessary decree from the probate court, but it by no means prevented the court from proceeding to make one. * * * The court might * * * proceed in the absence of the administrators, and make them chargeable with all the property inventoried, and any other assets shown to have come to their hands."

We have considered all the points briefed and find no error.

*Judgment affirmed.*