## CHARLES PARKER AND WIFE *v.* THE VILLAGE OF RUTLAND.

### *When Incorporated Village not Liable for Injury Caused by Defect in Highway.*

An incorporated village is not liable for an injury caused by a defect in a street crossing, when the charter does not impose upon the village the legal duty of keeping the highways in repair. And such duty is not imposed by the acceptance of a charter which merely allowed the village, as a volunteer, to take supervision of the highways, the town never having surrendered the right of control over them, nor having been released from its obligation to repair.

ACTION for injuries received on the highway. Heard on demurrer to the declaration, September Term, 1882, VEAZEY, J., presiding. Demurrer sustained.

Declaration, in part:

"For that the said defendant did, to wit: on the first day of December, A. D. 1881, at Rutland aforesaid, by virtue of its capacity aforesaid and authority aforesaid, build, lay and construct a certain side-walk along the west side of the street known as Merchants' Row, and did build, lay and construct a certain cross-walk from the said side-walk on and across the said street to the east side thereof nearly in front of the store lately occupied by one Pollard, and all within the incorporate limits of said village, and all for the benefit of the said defendant and the use of the inhabitants and all other people. And the plaintiff avers that it was the bounden duty of the defendant, when it so undertook to build, lay and construct said side-walk and cross-walk to do the work with proper care and skill, yet the said defendant, not regarding its bounden duty, did then and there so carelessly and negligently and unskillfully build, lay and construct said side-walk and cross-walk that by reason of said careless, negligent and unskillful laying, building and constructing said side-walk and cross-walk, at the place aforesaid, at the juncture of the said cross-walk with the said side-walk, the said cross-walk being built and constructed by said defendant several, to wit: three inches higher than the said side-walk at said juncture, and in a bad, unsafe and dangerous manner, so that people while walking and passing thereon would be likely to stumble and fall and be injured. And the plaintiff avers that the said Henrietta D. Parker, at Rutland, on the 20th day of December, A. D. 1881, while the said side-walk and cross-walk were in such bad, unsafe and dangerous condition, walking and passing along and upon the said side-walk and cross-walk with great and proper care and diligence, and by reason of the unusual and abrupt change in the surface of said walks from one to the other, and of the bad, unsafe and dangerous condition of the said side-walk and cross-walk at the place aforesaid, the said Henrietta D. stumbled and fell to the ground with great force and violence, and thereby was greatly injured."

*Joel C. Baker* and *Redington & Butler*, for the plaintiff.

The fact that the defendant is a municipal corporation proper, organized under a special charter by it voluntarily had and obtained for its own benefit, clearly distinguishes it as to its liability for wrongful acts or negligence, from the rule of liability applied to *quasi* corporations, such as counties and other subdivisions of the State organized without their procurement or consent, for general public purposes. Dill. Mun. Cor., ss. 10, 761; *Hamilton County* v. *Mighels*, 7 Ohio St. 109; *Soper* v. *Henry County*, 26 Iowa, 264; *Wilson* v. *School Dist.*, 32 N. H. 118.

Corporations created for their own benefit stand on the same ground as to liability for wrongful acts and negligence as individuals. *Mower* v. *Leicester*, 9 Mass. 247; *Hill* v. *Boston*, 122 Mass. 344; *Henly* v. *Mayor*, 5 Bing. 91; *Baxter* v. *Turnpike Co.*, 22 Vt. 114; *Hyde* v. *Jamaica*, 27 Vt. 443; *State* v. *Burlington*, 36 Vt. 521; *Winn* v. *Rutland*, 52 Vt. 481; *Conrad* v. *Ithaca*, 16 N. Y. 159; 91 U. S. 540; *Mann* v. *Eric*, 105 U. S. 347; 48 Conn. 525; 40 Conn. 406; *Todd* v. *Troy*, 61 N. Y. 506; *Dunn* v. *Palmer*, 29 N. J. L. 544.

The injury complained of in this declaration does not arise from a neglect to repair, a mere non-feasence; but from the negligent or improper doing of work upon this cross-walk by which a nuisance was created that caused special damage to Mrs. Parker. Such wrongful act is actionable. *Lloyd* v. *Mayer*, 5 N. Y. 369; *Hickok* v. *Plattsburg*, 16 N. Y. 161; *Storrs* v. *Utica*, 17 N. Y. 104; *Lee* v. *Sandy Hill*, 40 N. Y. 442; *Delmonica* v. *Mayer*, 1 Sandf. 226. We complain of no exercise of judicial functions but of unskillful or wrongful work whereby a projection was left above the walk that was dangerous, and which caused the injury. *Clemence* v. *Auburn*, 66 N. Y. 334; *Urquhard* v. *Ogdensburg*, 91 N. Y. 67. *See* Shearm. & Red. Neg., s. 120; *Thayer* v. *Boston*, 9 Pick. 511; *Canal Co.* v. *Parnaby*, 11 A. & E. 223.

*W. C. Dunton* and *Edward Dana*, for the defendant.

The village is merely one of the highway districts of the town,

and although the trustees are to some extent clothed with the authority of selectmen and highway surveyors in their highway district, the town is still responsible for the highways in this district as in all others. *Landon* v. *Village of Rutland*, 41 Vt. 681; *Bennington* v. *Smith*, 29 Vt. 254; *Campbell* v. *Fair Haven*, 54 Vt. 336. The only liability of the village was to account for highway taxes collected, the same as highway surveyors. Towns are not liable to a private action for neglect to keep highways in repair, unless by a special statute. *Detroit* v. *Blakeby*, 21 Mich. 84; 9. Am. Law Reg., 670; *Eastman* v. *Meredith*, 36 N. H. 284; *Hyde* v. *Jamaica*, 27 Vt. 443; *Hill* v. *Boston*, 122 Mass. 344. Upon neither towns or cities, in the view of the courts of New England, is there any implied liability for injuries resulting from defective streets or side-walks; *the liability is wholly statutory.* Dill. Mun. Corp. s. 786; *Brady* v. *Lowell*, 3 Cush. 121; *Hixon* v. *Lowell*, 13 Gray. 59. The duty of keeping in repair and taking proper care of highways, bridges, etc., is a duty designed to subserve a *general public good.* In such cases no private right of action arises unless it be specially given by statute. *Winn* v. *Rutland*, 52 Vt. 481; 45 Cal. 36; *Hennison* v. *New Haven*, 37 Conn. 475.

The opinion of the court was delivered by

Royce, Ch. J. The declaration alleges that the female plaintiff sustained the injury complained of in consequence of the defective condition of a street crossing which had been constructed by the village; that it was the duty of the village to keep and maintain said crossing in good and sufficient repair; and that at the time she was injured it was not in such a state of repair. There was a general demurrer to this declaration; and thus the question was raised as to the legal obligation of the village to keep and maintain said crossing in such repair as would protect travellers from injury while passing over it. The act incorporating the village of Rutland constituted the territory to be included within the limits of said village a highway district of the town of Rutland; and provided that the highway taxes to be

assessed upon the grand list of said village should be paid in money to the treasurer of the village, and should be expended in building, constructing, maintaining and repairing the streets, highways, walks, alleys and lanes of said village. It also provided that the trustees of the village might lay out, alter, maintain, and discontinue any street, road, lane, alley or walk in said village. The right was also given at any annual meeting or special meeting called for that purpose, to lay a tax upon the grand list of the village for any purposes named in the charter. These are all the provisions embraced in the charter that it is important to notice as affecting the question under consideration. The town of Rutland is not shown to have surrendered its right of supervision and control over the highways in said district, or been released from its statutory obligation to keep them in suitable and proper repair. The duty of keeping the highways and crossings in the village in repair was not imposed upon the village by the charter.

It is claimed that the duty was legally imposed by the acceptance of the charter; but we do not think any such effect can be given by the act of acceptance. To give it that effect would be to create a legal obligation where none existed before. The acceptance of the charter conferred the right upon the village to take the supervision of the highways and crossings in the village and see that they are kept in repair, and enabled them to raise money for that purpose. But it was not made compulsory upon them to do so. In the exercise of those rights, they were acting in subordination to the superior rights of the town. All that the village has done in the construction and repairment of highways and crossings has been as volunteers, and not in the performance of a legal duty. The duty that municipalities owe to travellers in the matter of keeping highways in such a state of repair as to protect them against injury is statutory, and unless the duty is imposed by statute no recovery can be had by a traveller who has sustained injury in consequence of the want of such repair. No such duty rested upon the village of Rutland, and the judgment sustaining the demurrer and adjuding the declaration insufficient is therefore affirmed.