JUNIUS BARNES *v*. TOWN OF BAKERSFIELD.

*Lister, Pay for His Services.*   R. L. ss.  2673,  2727,  2728.

A lister can recover only such compensation for his services as the town votes him, in a case where long usage is not an element.

GENERAL ASSUMPSIT.  Plea, general issue and notice. Trial by court, September Term, 1884, ROYCE, Ch. J., presiding.  Judgment for the defendant.

The action was brought to recover pay for the plaintiff's services performed as lister.   He was elected one of the listers of the defendant town at the annual March meeting in 1882, accepted the office, and rendered the services charged in his specification.   The court found that the amount charged was reasonable, and that the plaintiff should recover it, if he was entitled to recover anything.   The plaintiff's specification was :  " Twenty days' services as lister, and expenses of self and team, $40;  making list for said town, $10;  two days' expenses, self and team, at St. Albans before equalizing board, $10, " making $60 in all.   At the March meeting in 1883 the town accepted, by vote, the following amendment to the auditors' report :

" *Resolved,* By the legal voters of the town of Bakersfield, in town meeting assembled, that the auditors' report, just read and submitted to the town, be, and is hereby amended, by allowing Junius Barnes and William B. Shattuck for services as listers of said town in 1882, 15 days' work as services each, and the sum of $1.50 per day each, in lieu of the sum the auditors allowed them, making $22.50 for Mr. Barnes, and also $20 for making the list and attending the equalizing board at St. Albans, and $22.50 for Mr. Shattuck. "

The town tendered the plaintiff $42.50.   It did not appear that the town ever promised to pay the plaintiff for his

services as lister; or that it took any action in regard to his compensation when he was elected; or what the town had paid its listers *per day*, except in 1881, when $2 per day were paid. The town records showed what amount had been paid the listers for a long series of years,—sometimes showing what was paid the whole board, as in 1875, viz.: $100, and then what was paid each lister, as in 1876, viz.: $13.30. It appeared by these records that the plaintiff was paid for his services as lister in 1879 $32.

*G. W. Burleson*, for the plaintiff.

If it has been the usage of the town for a long series of years to pay its listers for their services, it would thereby be bound to pay the accustomed compensation. *Boyden* v. *Brookline*, 8 Vt. 284; *Judevine* v. *Hardwick*, 49 Vt. 180. The first list under the law of 1880 was taken in 1881, and the defendant paid its listers $2 per day; and we insist that such action was a fixing of the rate of compensation to be received by the listers. *Farnsworth* v. *Melrose*, 122 Mass. 268.

*Cross & Start*, for the defendant.

The plaintiff had no legal claim against the town on account of the services rendered, until the town voted to pay him at the annual March meeting in 1883, and then his claim was just the amount so voted and no more. The town having tendered said sum before the commencement of this suit, and the tender having been paid into court, the judgment of the County Court should be affirmed. *Boyden* v. *Brookline*, 8 Vt. 284; *Judevine* v. *Hardwick*, 49 Vt. 180; *Langdon* v. *Castleton*, 30 Vt. 285; *Farnsworth* v. *Melrose*, 122 Mass. 268; R. L. ss. 2673, 2728.

The opinion of the court was delivered by

POWERS, J. The right of town officers to recover pay for official services is regulated by statute. Section 2673 reads:

"Towns, at the annual meeting, may fix the compensation of town officers." Section 2727 requires the auditors to examine and adjust the accounts of town officers, and report the items of such accounts to the town at its annual meeting. Section 2728 forbids the allowance by the auditors of any claim for personal services except when compensation is fixed by law or by vote of the town, but requires the auditors to report the nature and extent of such services to such meeting.

By these sections it is clear that the plaintiff is not entitled to recover for his services beyond the sum tendered. When he accepted office he was bound to know that the "nature and extent of his services" would be reported to such meeting by the auditors, and that at such meeting the town, being informed by the auditors of the character of his services, would "fix the compensation."

He took office impliedly agreeing to accept pay as the law contemplates. It is not a case where long usage has made the law, but a case of explicit statutory regulation.

Judgment affirmed.