## CHARLES E. BATES ET UX. *v.* VILLAGE OF RUT-LAND.

*Municipal corporations.    Liability for neglect of officers.*

1. A village municipality is not liable for the neglect of its trustees and street commissioner in locating a stone crusher too near the highway and using it there in breaking stone for the construction of its streets, although placed outside the village limits.
2. The trustees and street commissioner of the village of Rutland are public officers in constructing and repairing its streets.

Action on the case for negligence of the defendant in locating and using its " stone crusher " near the highway, whereby the plaintiffs' horse became frightened and the plaintiff wife was thrown from her carriage and injured.

Plea, the general issue.  Trial by jury, at the September Term, 1889, Powers, J., presiding.  At the conclusion of the evidence the defendant moved for a verdict, which motion was overruled.  Verdict and judgment for the plaintiff.  Exceptions by the defendant.

The stone crusher was located outside the village limits, with the consent of a majority of the selectmen of the town, by the village trustees, and was being operated, under their direction, in preparing material with which to construct and repair the streets of the village.  The remaining facts appear in the opinion.

*Butler & Moloney,* for the defendant.

Under the charter of the village of Rutland the trustees are, in the management of its highways, the agents of the town. Hence, if any action will lie it must be against the town. *Landon* v. *Rutland,* 41 Vt. 681 ; *Parker* v. *Rutland,* 56 Vt. 224 ; *Campbell* v. *Fair Haven,* 54 Vt. 224.

The trustees were discharging their duties as public officers, and the village is not responsible for their acts in that capacity. 2 Dill. ss. 974, 975, 976, 979 and cases cited ; *Tone* v. *Mayor,*

*etc.*, 70 N. Y. 157, 459 ; *Barnes* v. *Dis. of Col.*, 91 U. S. 540 ; *Hill* v. *Boston*, 122 Mass. 344, 372 ; *Carrington* v. *St. Louis*, 4 West. Rep. 681 ; *Cushing* v. *New Bedford*, 125 Mass. 526 ; *Mead* v. *New Haven*, 40 Conn. 72 ; *Maximilian* v. *N. Y.*, 62 N. Y. 160 ; *Manners* v. *Haverhill*, 135 Mass. 165 ; *Tindley* v. *Salem*, 137 Mass. 171 ; *Benton* v. *T. B. Hospital*, 140 Mass. 13.

There can be no corporate liability when the act complained of is not authorized by the charter. 2 Dill. 969 ; *Mayor of Albany* v. *Cunliff*, 2 Com. (N. Y.) 165 ; *Smith* v. *Rochester*, 76 N. Y. 506 ; *Cuyler* v. *Rochester*, 12 Wend. 165 ; *N. Y. Lumber Co.* v. *Brooklyn*, 71 N. Y. 580.

No authority existed for the purchase and use of a stone crusher. 1 Dill. 89 ; *Baxter* v. *Turnpike Co.*, 22 Vt. 114 ; *Felch* v. *Gilman*, 22 Vt. 33 ; 2 Shear. & Red. Neg. ss. 139, 140.

The building and repairing of highways are governmental in their character and no action will lie for the neglect of the officers of a municipality in this respect. *Weller* v. *Burlington*, 60 Vt. 28 ; *Welsh* v. *Rutland*, 56 Vt. 228 ; *Baxter* v. *Turnpike Co.*, 22 Vt. 114 ; *Parker* v. *Rutland*, 56 Vt. 224 ; 2 Dill. s. 965 ; *Hill* v. *Boston*, 122 Mass. 344 and note ; *Cushing* v. *New Bedford*, 125 Mass. 526 ; *Smith* v. *Washington*, 20 How. (U. S.) 135, 148.

There was no nuisance. A nuisance cannot be predicated upon a thing which the law authorizes. *Transportation Co.* v. *Chicago*, 99 U. S. 635 ; 2 Hill Torts, ss. 34, 493 ; 3 Black. Com. 5, 216 ; *Hill* v. *Boston*, 122 Mass. 344 and cases cited.

A defective highway is not a nuisance. Otherwise towns would be liable at common law for defects in their highways, and they are not. 2 Dill. s. 962 ; *Weller* v. *Burlington*, 60 Vt. 28 ; *Parker* v *Rutland*, 56 Vt. 224 ; *Hyde* v. *Jamaica*, 27 Vt. 443.

*Lawrence & Meldon* and *J. C. Baker*, for the plaintiffs.

The village legally voted to purchase a stone crusher, and in pursuance of that vote the trustees bought it. Hence, its pur-

chase and use were authorized. *Campbell* v. *Fair Haven*, 54 Vt. 224.

Even if the village were the mere agent of the town in caring for its streets, it would none the less be responsible for the acts of its servants. *Newell* v. *Wright*, 3 Allen, 166 ; *Griffith* v. *Follett*, 20 Barb. 630 ; *Tearney* v. *Smith*, 86 Ill. 391.

The village is not such agent. *Campbell* v. *Fair Haven*, 54 Vt. 336 ; *Parker* v. *Rutland*, 56 Vt. 224.

The location and use of the stone crusher in the highway was a nuisance, for the maintenance of which a municipal corporation as well as an individual is liable. *Thayer* v. *Boston*, 19 Pick. 511 ; Wood Nuis. 388 ; *Little* v. *Madison*, 42 Wis. 543 ; *Wilson* v. *New Bedford*, 108 Mass. 261; Wood Nuis. 338, 839, 841 ; *Harper* v. *Milwaukee*, 30 Wis. 365 ; *Hawks* v. *Charlemont*, 107 Mass. 414 ; *Lacour* v *Mayor of N. Y.*, 3 Duer, 406.

When the defendant went outside its corporate limits and used this machine to manufacture material for its streets, it derived from its use a special advantage, and is liable for the default of its agents in that respect. *Winn* v. *Rutland*, 52 Vt. 480 ; *Wilkins* v. *Rutland*, 61 Vt. 336 ; *Moulton* v. *Scarborough*, 71 Me. 267 ; *Barton* v. *Syracuse*, 36 N. Y. 54; *Sullivan* v. *Holyoke*, 135 Mass. 273.

The opinion of the court was delivered by

TYLER, J. The defendant is a municipal corporation, organized under a charter granted by the Legislature in November, 1882. Section 1 of its charter defines its boundaries. Its corporate relation to and control of the streets and highways within its limits are set forth in section 46, which is as follows: "All the territory embraced within the limits of said village is hereby constituted a highway district of the town of Rutland, and all the highway taxes assessed upon the polls and ratable estate thereof shall be paid in money, and the selectmen of the town of Rutland shall make out a tax bill thereof and deliver the same seasonably, as required by law, with a warrant for its collection, to the collector of said village, who shall collect the same as

other taxes of said village are collected, and pay the same over to the treasurer of the village, which money shall be drawn from said treasury by said trustees, and shall be expended by them in building, constructing, maintaining and repairing the streets, highways, walks, alleys, sewers and lanes of said village, and no surveyors of the said highway district shall be required or chosen by said town."

It is provided that its trustees may appoint and remove at pleasure, among other officers, a street commissioner, who shall superintend the construction and repair of streets, walks, culverts, sewers and drains, subject to the authority and discretion of the trustees.

It will be observed that the charter imposes no liability on the village corporation for damages sustained by individuals upon its streets and highways in consequence of defects therein, and it has long been settled law that in the absence of express statutes declaring liability, such defects are not actionable. In *Hill* v. *Boston,* 122 Mass. 344, Mr. Justice GRAY makes a very thorough examination of the authorities on the subject and says: " The result of this review of the American cases may be summed up as follows: There is no case in which the neglect of a duty imposed by general law on all cities and towns alike has been held to sustain an action by a person injured thereby against a city when it would not against a town. * * * In the absence of such binding decisions, we find it difficult to reconcile the view that the mere acceptance of a municipal charter is to be considered as conferring such a benefit upon the corporation as will render it liable to private action for neglect of the duties thereby imposed upon it, with the doctrine that the purpose of the creation of municipal corporations by the State, is to exercise a part of its powers of government." * * * See also *Parker* v. *Village of Rutland,* 56 Vt. 224 ; *Weller* v. *City of Burlington,* 60 Vt. 28.

The town of Rutland was bound by law to maintain all the streets and highways within its boundaries. It maintained those within the village of Rutland, through the instrumentality of the village corporation, which was a mere highway district of the town.

It is needless to decide or discuss the question whether the defendant had a legal right to purchase a stone crusher. Pursuant to the provisions of the charter all the highway taxes assessed upon the polls and ratable estate of the village were collected and paid into the village treasury, and were drawn out by the trustees and expended by them in maintaining walks, streets, etc. The question is whether the trustees and street commissioner, while engaged in work upon the streets, were public officers, or servants and agents of the village. If the former, the defendant is not liable ; if the latter, it is liable for their acts of negligence.

It must be conceded that the defendant corporation is a political subdivision of the State, chartered and organized mainly for governmental purposes. Then, were the trustees and street commissioner, at the time of the accident, engaged in a public service, or in a work that was for the peculiar benefit of the defendant in its local or special interests ? The character of the employment is determinative of the defendant's liability for the acts of these officers. This subject is elaborately discussed in *Bailey* v. *Mayor, etc., of New York,* 3 Hill, 531, and in *Scott* v. *Mayor, etc.,* of Manchester, 2 H. & N. 204; *Hill* v. *Boston, supra.* In the case last cited, Justice GRAY says : " The result of the English authorities is that when a duty is imposed upon a municipal corporation for the benefit of the public, without any consideration or emolument received by the corporation, it is only where the duty is a new one, and is such as is ordinarily performed by trading corporations, that an intention to give a private action for a neglect in its performance is to be presumed." 2 Dill. on Cor. s. 974 *et seq. ; Weller* v. *City of Burlington, supra.*

By an act of the Legislature of Massachusetts the selectmen of towns were authorized to establish and maintain such drinking troughs within public highways as in their judgment public necessity and convenience required, and towns were authorized to raise and appropriate money to pay the expense of the same. In a case where troughs, painted in such a manner as to frighten horses, were put up by selectmen, it was held that the

Bates et ux. *v*. Village of Rutland.

selectmen were public officers, that the town was not liable, that it had no corporate interest in the work.

The line of distinction between corporate duties that are governmental and performed in behalf of the public, and those that inure to the special advantage of municipalities is defined in *Welsh* v. *Village of Rutland* and *Weller* v. *City of Burlington, supra.* The reasoning of the Chief Justice in the former case is applicable to the facts in the one at bar. The defendant was engaged in the public work of repairing its streets. The officers by whom the work was being performed were, for this purpose, public officers, and for their negligent acts an action does not lie against the defendant. This view is in accordance with the decision in *Wilkins* v. *Village of Rutland.*

We think the court should have directed a verdict for the defendant as requested; therefore,

*The judgment is reversed and judgment for the defendant.*