## *In Re* GEORGE W. THORPE.

*Insane asylum.   Discharge by supervisors.   Revocation by one.*

A person who has been discharged from the insane asylum by the super-
visors of the insane, cannot be recommitted under a revocation of
that discharge by a single supervisor, although it was a condition of
his original release that he might be.

Petition for habeas corpus, returnable to and heard at the
January term of the Supreme Court, 1892.   The case appears in
the opinion.

*F. W. McGettrick*, for the relator.

*A. K. Brown*, State's Attorney, for the State.

The opinion of the court was delivered by

START, J.   The relator was, on the 19th day of March,
1891, an inmate of the asylum for the insane at Brattleboro,
Vermont; and, on that day, Homer Goodhue and C. M. Ferrin,
two of the three supervisors of the insane, ordered the relator
discharged from said asylum upon condition, that, in case it
should become necessary to return him to the asylum, it might be
done by a revocation of their order by one of them.   The relator
was thereupon discharged from the asylum. On the 21st day of
August, 1891, said C. M. Ferrin revoked the order made by him-
self and said Homer Goodhue, and thereupon B  F. Kelley,
sheriff of Franklin County, took the relator into custody for the
purpose of returning him to the asylum.   The relator brings this
petition to procure his release from such custody.

R. L., sec. 2897, provides that the General Assembly
shall elect biennially three supervisors of the insane.   No.
86 of the Acts of 1888, repeals this section, and provides
for the appointment of such supervisors by the Governor,

*In re* George W. Thorpe.

by and with the advice and consent of the Senate. No. 48, sec. 4, of the Acts of 1882, as amended by No. 52, sec. 5, of the Acts of 1884, provides that idiots and persons *non compos* who are not dangerous shall not be confined in an asylum for the insane; and, if any such persons are so confined, the supervisors of the insane shall cause them to be discharged. And the supervisors shall have authority to discharge conditionally such "incurable" persons as may, in their judgment, be safely and properly cared for in the place from whence they were committed, but such persons shall require only the revocation of their discharge by the supervisors for their recommitment to the asylum.

In discharging the relator from the asylum the supervisors could impose such conditions only as were authorized by the statute. The question passed upon by them related to the personal liberty of the relator, and, when a majority of them had once adjudged that he be discharged, he could not again be deprived of his liberty except in the manner pointed out in the statute. The statute provides that, when a person is discharged from an asylum conditionally, only a revocation of his discharge by the *supervisors* shall be required for his recommitment. This clearly means a revocation of the discharge by a majority of the supervisors. R. L., sec. 3, provides, that, where joint authority is given to three or more, the concurrence of a majority of such number shall be sufficient, and shall be required in its exercise. The supervisors having adjudged that the relator could be "safely and properly cared for" in the place from whence he was committed, and ordered his discharge, he could not be lawfully recommitted to the asylum, by authority of the statute authorizing them to impose conditions, until a *majority* of them had adjudged that he could not longer be "safely and properly cared for" in the place from whence he was committed, and revoked his discharge. This called for the finding of facts and the exercise of judgment and discretion by a majority of the board. The duties imposed and the powers conferred by the statute could

not be performed by, or delegated to, one of their number. They could not impose a condition by which a revocation of the discharge by one of their number would have the effect of depriving the relator of his liberty.   The power to revoke a discharge is not conferred upon one of their number, but upon a majority of them.

*It is adjudged that the relator is unlawfully deprived of his liberty, and it is ordered that he be discharged.*