GEORGE DANIELS

v.

MAHALON HATHAWAY ET AL.

GENERAL TERM, 1892.

*Selectmen.   Highways.   No personal liability for defects.*
*Duties quasi judicial.*

1.   The selectmen of a town, as their powers and duties are at
     present established, are not personally liable for an injury
     sustained through a defect in a public highway in that
     town.

2.   The duties of selectmen in reference to the maintenance and
     repair of highways are of a *quasi* judicial nature.

Action on the case against the defendants as selectmen of
the town of Calais.   Heard at the March term, Washington
county, 1892, THOMPSON, J., presiding, upon the defend-
ant's general demurrer to the declaration.   Demurrer sus-

tained *pro forma*, to which the plaintiff excepts. The case appears in the opinion.

*Joseph A. Wing* for the plaintiff.

No. 12, Acts 1884, made it the duty of the selectmen to see that the highways of a town are kept in repair. For a wilful violation of that duty they should be liable.

*Huse & Howland* for the defendant.

The selectmen of a town being charged with a public duty in reference to its highways, are not liable to an individual for a neglect of that duty. 2 Thomp. Neg. 818–820.

START, J. This cause was heard on demurrer to the declaration. In the declaration it is alleged that the defendants were, on the 30th day of May, 1891, selectmen of the town of Calais; that there was a certain described highway in said town which it was the duty of the town to keep in good and sufficient repair; that by special statute it is made the duty of selectmen of towns, in case of the neglect of other officers, to keep the highways in good and sufficient repair; that on the day and year aforesaid said highway was insufficient and out of repair, in that there was no guard to prevent teams and travelers from falling into a pond over which said highway is built; that the road had been in this condition for a long time, which was, or should have been, known to the selectmen of the town; that the plaintiff, on the day and year aforesaid, lost a mare, and was otherwise damaged by reason of the insufficiency and want of repair aforesaid.

The declaration seems to be framed with reference to a recovery on account of damages accruing to the plaintiff by reason of the omission of the defendants, as selectmen of the town of Calais, to perform a duty imposed upon

them in respect to highways, when the officers upon whom the duty primarily rests have been negligent in its perform-ance. The liability of public officers to an individual for their negligence in the discharge of an official duty depends entirely upon the nature of the duty in the performance of which such negligence is alleged. To ascertain what the powers and duties of selectmen are, and whether they are to be exercised ministerially or otherwise, resort must be had to the statute, for, outside of the statute by which their powers and duties are prescribed, they have no authority, and are under no obligation to the public.

It is provided by No. 17, of the Acts of 1884, that in the absence of any other officers or agents appointed by the town, or in case of the refusal or neglect of such officers or agents to keep the highways and bridges in good repair, the selectmen of such town shall have charge of the same, and shall see to it that all highways and bridges in such town are kept in good and sufficient repair at all seasons of the year. It will be noticed that the duty imposed and the authority conferred by this statute are upon the board of selectmen, and not upon the individual members of the board. If a selectman is liable in an action by an indi-vidual who has sustained damages by reason of the failure of the board of selectmen to keep the highways in good and sufficient repair, as this statute provides, he is liable because he is a member of the board, and the board has been negligent in the performance of a duty imposed up-on it.

R. L., § 2,913, provides that highways shall be laid out, made, repaired, and damages to land owners paid by the town in which such highways are situated, except as other-wise specially provided by law. By this statute it is made the duty of towns to keep their highways in repair, and the declaration alleges that such was the duty of the town of Calais. The duty thus imposed is strictly a corporate duty,

and is to be performed for the benefit of the public, and not for any gain or advantage to the corporation or its officers. A town can perform this duty only through its agents, and the act of 1884 makes it the duty of the board of selectmen, in certain cases, to perform the duty resting on the town for the benefit of the general public. But no duty is imposed upon, or authority given to, one selectman. The duty imposed and authority conferred are upon the board, and the board can act only by a majority. R. L., § 3, provides that where joint authority is given to three or more, the concurrence of a majority of such number shall be sufficient, and shall be required in its exercise. *In re Thorp*, 64 Vt. 398, in construing this statute, the court held that the duties imposed and authority conferred by statute upon three supervisors of the insane, called for the finding of facts and the exercise of judgment and discretion by a majority of the board, and that the duties imposed and the powers conferred by the statute could not be performed by, or delegated to, one of their number.

A selectman may adjudge that other officers have neglected their duty, and that certain repairs ought to be made, but he is powerless to make them, or cause them to be made, except through the action of the board of selectmen. He may exercise the best of judgment and discretion; he may be zealous and watchful; but he can do nothing for the safety, convenience, or comfort of the public, except as a member of the board. He can vote for or against making repairs, but he must abide by the action of the majority. He cannot order repairs upon the credit of the town; the board only can do this. *Hunkins* v. *Johnson*, 45 Vt. 131. To hold selectmen liable to an individual for damages resulting from want of repairs upon a highway is to hold them liable for the omissions of the board. To hold that an individual member of the board is liable for such damages is to hold him accountable for the omissions of the board, or his

vote as a member of the board ; to hold a selectman accountable for his vote and official acts as a member of the board is a restraint upon the free and independent exercise of the judgment and discretion which public officers are supposed to exercise, and, when selected to office, are presumed to be capable of exercising, and leaves the question as to what his judgment ought to have been, and what discretion he ought to have exercised, to be determined by courts and jurors from the opinion of witnesses ; and for error of judgment, or failure to exercise such discretion as courts and jurors think he ought to have exercised, he must be subject to an action and mulcted in damages, for the payment of which the earnings of a lifetime may be required.  In determining whether the legislature intended to visit such consequences upon public officers by the enactment in question, it may be profitable to examine the statute providing for selectmen, their powers and duties, the emoluments of the office, and the duties of other road officers.

The office of selectman is a town office, and the person selected must take the oath of office and serve unless he has good reason for not serving, or others are unjustly excused from serving, or pay a fine.  R. L., § 2,671.  The person elected may have sufficient intelligence to know that he has not the judgment and discretion necessary to perform the duties of the office, but in this State this has not been held to be a legal excuse for not serving.  If our statute admits of the interpretation claimed by the plaintiff, the person elected must pay a fine, or be liable for such damages as may accrue to individuals, because nature has not endowed him with the judgment and discretion necessary to perform the duties of the office.  But this is not all.  If he is liable for the omissions of the board of which he is a member, he must answer in damages for the ignorance and incompetency of his associates ; and if the town electing him elect highway surveyors, road commissioners, or agents, he must like-

wise answer for their refusal or neglect. The law has not supplied selectmen with the pecuniary means, or armed them with the coercive power, requisite to meet and sustain such an enormous and dangerous responsibility. By the statute in force at the time of the injury complained of, towns could vote to have the highway tax paid in labor, and elect highway surveyors; and in such case selectmen could not assess a highway tax payable in money, unless authorized to do so by vote of the town. Such surveyors were required to take charge of and keep in repair the highways in their respective districts, and collect and expend the highway tax. No. 17, Acts of 1890; R. L., § 2,751. Towns could elect three commissioners of streets and highways instead of highway surveyors, and such commissioners were required to have the care of, and make and repair, the highways, and expend the money raised for that purpose. R. L., § 3,082.

Towns could direct the selectmen to make contracts for repairing the highways and bridges of the town for a term not exceeding four years, and in such case it is made their duty to inspect the highways in the months of June and November of each year. R. L., §§ 3,086, 3,091. Towns could also adopt any mode other than that provided by law for expending the money raised for highway purposes, and could appoint one or more agents to lay out and expend such money, or could adopt any other regulations to secure the faithful and advantageous expenditure of the money appropriated for highways. R. L., § 3,099.

When highway surveyors, commissioners or agents are elected, or the town adopts some other regulation for the expenditure of moneys appropriated for highways, selectmen have no available funds out of which they can repair the highways. They can pledge the credit of the town for such repairs, but they may, or may not, be able to find persons willing to make the repairs and wait for the town to vote a tax to pay for the same. If the plaintiff's construc-

tion of the act of 1884 is correct, then highway surveyors, commissioners or agents may have in their hands all of the money appropriated for repairing highways, and refuse or neglect to make the necessary repairs; and in such case the selectmen, without available funds, may be required to make the repairs, or pay all damage that may accrue to individuals by reason of the insufficiency and want of repair of highways in their respective towns.

The duties of selectmen are not limited to building and repairing highways. The duties imposed upon them by special statutes are numerous, and in addition to the duties imposed by special enactments, they are required to have the general supervision of the concerns of the town, and to cause duties required by law of towns, not committed to the care of any particular officers, to be duly performed and executed. R. L., § 2,692.

The statute has made no provision whereby selectmen can recover for their services. They have no fund out of which they can pay themselves. They are required to serve, and must do so without compensation, unless the town, by vote or otherwise, provides a compensation. *Boyden* v. *Brookline*, 8 Vt. 284; *Barnes* v. *Bakersfield*, 57 Vt. 375.

R. L., § 2,752, provides that when an action is given to the selectmen, overseer of the poor or town treasurer, the action shall be brought in the name of the town to which such selectmen, overseer or treasurer belongs; and if the action is given against such officers, it shall be brought against such town.

It has been held that towns and other municipal corporations created for governmental purposes are not liable to a private action for neglect to keep their highways in repair, or for the neglect of their officers in this respect, unless such liability is expressly imposed by statute. *Baxter* v. *Winooski Turnpike Co.*, 22 Vt. 114; *Hyde, Admr.*, v. *Jamaica*, 27 Vt. 443; *State* v. *Burlington*, 36 Vt. 521;

*Bates* v. *The Village of Rutland*, 62 Vt. 178; *Parker and Wife* v. *The Village of Rutland*, 56 Vt. 224. The primary duty of keeping highways in repair rests upon the town, and if a town is not liable to an individual sustaining damage by reason of its omission to perform a duty imposed by statute, it is difficult to see how its agents, charged with the performance of that duty for their principal, or for the public, can be held liable for an omission to do so ; and we think the legislature did not intend that selectmen should be chargeable with any greater responsibility, by private suit, in respect to strictly official duties, than their principal, the town, on which the duty primarily rests ; and in the absence of statutory provision, selectmen charged with duties, the performance of which requires the exercise of judgment and discretion, serving by compulsion and not entitled to compensation as a matter of right, are not liable for damages accruing to an individual by reason of their omission to keep the highways in repair.

In view of the fact that selectmen may be required to serve without compensation, their varied and uncertain duties, the duties imposed upon other officers, and the statutes and authorities above cited, it is clear that it is not the duty of selectmen, nor is it intended, that in the performance of their official duties in respect to highways they shall superintend, in person, the construction or repair thereof, or become laborers or operatives thereon. In matters relating to highways they act as a board, and their duties are, to a certain extent, judicial, or *quasi* judicial. It is their duty to seek information as to the existence or non-existence of certain facts, form a judgment, and act accordingly ; they are to determine whether other officers have refused or neglected to perform their duty. If they find they have not, it is not their duty to order repairs ; but if they find there has been a refusal or neglect on the part of other officers, or an absence of other officers, it is their duty to determine what re-

pairs are necessary, where they are most needed, where the means at their command can be most judiciously expended, what dangers ought to be guarded against, determine whether there are insufficiencies, and if they find there are, to adopt plans for building or repairing the same, award contracts for the work, or order the same repaired upon the credit of the town. The performance of these duties requires the exercise of judgment, and for the exercise of this judgment, or an omission to exercise such judgment as some other authority may think they ought to have exercised, they are not responsible to an individual. The exercise of these powers is discretionary, to be exercised or withheld according to the judgment of a majority of the board as to what is necessary and proper. Discretionary power is, in its nature, independent, and to make those who wield it liable to be called to account by some other authority is to take away discretion and destroy independence. Discretion, to a certain extent, implies judicial functions; and when officers act in such a capacity, they are not liable to any private person for a neglect to exercise these powers, nor for the consequences of a lawful exercise of them where no corruption or malice can be imputed, and they keep within the scope of their official duties and authority. It is not enough to charge or show that they omitted to act when they ought to have done so, or that their decisions were erroneous. *Yealy* v. *Fink*, 43 Pa. St. 212, (82 Am. Dec. 556); *McConnell* v. *Dewey*, 5 Neb. 389; *Downer* v. *Lent*, 6 Cal. 94, (65 Am. Dec. 489); *Waldron* v. *Berry*, 51 N. H. 136; *Stewart* v. *Southard*, 17 Ohio 402; *Dunlap* v. *Knapp*, 14 Ohio St. 64, (82 Am. Dec. 468); *Lynn* v. *Adams*, 2 Ind. 143.

We are aware that in some States road officers have been held liable to individuals for injuries sustained by reason of their neglect to keep highways in repair; but we apprehend that it will be found that the statutes of such States differ materially from those of our own. In the case of *County*

*Commissioners* v. *Duckett*, 20 Md. 468, (83 Am. Dec. 557) the commissioners were held liable for suffering a public road to be out of repair, under a statute constituting and declaring county commissioners a corporation and body politic, and enacting that they shall have charge of and control over the property owned by the county, and county roads and bridges, that they may sue and be sued, levy all needful taxes on the assessable property within the county liable to taxation, and pay and discharge all claims on or against the county which have been expressly or impliedly authorized by law. Bowie, Ch. J., in delivering the opinion of the court, said : ''The law has supplied the defendants with ample means, and armed them with coercive powers, sufficient to meet and sustain their liabilities. The appellants being sued in their official corporate character, are in fact but the representatives and agents of the county, all the resources of which are placed at their disposal to enable them to perform their legal obligations, express or implied." It will be seen from an examination of our statutes that selectmen have no such powers, and are under no such liability. They have no fund out of which they can pay damages ; they are dependent upon the action of the town for available funds ; their duties are varied, uncertain, and dependent upon circumstances ; their powers in respect to highways may be controlled and varied by the acts of the town and other town officers ; their services may be required without compensation. There is not that certainty of compensation, of available funds with which to make repairs, freedom or choice of action, precision and certainty of duty and power, that ought to make them responsible to individuals for omissions to perform strictly official duties.

*Judgment affirmed and cause remanded.*