Hillsborough, ⎱
Jan. 6, 1920. ⎰

### Elizabeth A. Robertson v. Fred B. Monroe & a.

A traveler upon a highway, injured without his fault by a defect therein due to the negligence of selectmen, may maintain case for damages against them upon P. S., c. 76, s. 1; Laws 1893, c. 59.

In such case, a road agent who has merely acted in obedience to their directions is not guilty of negligence.

Case, for negligence. The town of Hillsborough raised the money to repair Depot street, and the defendant selectmen had charge of the work. They decided to lower the grade of the street in front of Judge Holman's house about eighteen inches. The sidewalk was originally about eighteen inches higher than the traveled part of the street and after this work was done, there was an abrupt drop of from two and one-half to three feet from the sidewalk to the gutter. There had been two entrances from the street to the Holman property, one at the east, the other at the west of the house; but after the defendants lowered the grade of the street they did not raise the westerly entrance until the following season. The selectmen had charge of the work and the defendant, Bennett, the highway agent, acted under their direction. These changes were made in the fall of 1913.

' The plaintiff was injured on a dark evening the following May, in attempting to leave the Holman property by the westerly driveway. On a former occasion she had driven into Holman's yard over the easterly driveway and left it by the westerly driveway; but at the time of her injury she did not know that the grade of the street had been lowered or that the westerly entrance had been discontinued.

The defendant, Bennett, went out of office as highway agent before the plaintiff was injured; the other defendants continued in office

as selectmen until after the injury. Transferred from the May term, 1918, of the superior court, by *Kivel*, C. J., on the plaintiff's exception to a directed verdict.

*Robert W. Upton* (by brief and orally), for the plaintiff.

*Taggart, Tuttle, Wyman & Starr* (*Mr. Wyman* orally), for the defendants.

PARSONS, C. J.  The defendants, who were highway officers of the town of Hillsborough, in doing the work of lowering the grade of a highway in the town, left unprotected, in a dangerous condition, a driveway leading into the highway from land of an adjoining owner. There had been two driveways to the premises so arranged that persons driving in at one entrance would naturally drive out at the other. One driveway was replaced; the other was not, until after the accident, which occurred some six months after the change was made. In the path of this driveway within the highway limits there was, as the highway was left at the time of construction, at the line between the sidewalk and the roadway, an abrupt descent sufficient to render dangerous passage over the driveway in the path used before the change of grade. The plaintiff knew of the double driveway but did not know of the change made in lowering the grade. She drove onto the premises by the driveway which had been restored and in driving out over the other received the injury for which she seeks compensation. As the plaintiff was not injured in the progress of the work, she cannot recover because of the failure of the defendants to take care to so carry on their business as not unnecessarily to injure others, which is apparently the ground of possible recovery suggested in *Downes* v. *Hopkinton*, 67 N. H. 456 and *Brown* v. *West*, 75 N. H. 463. She was not the adjoining landowner and if the failure to restore the second driveway was an invasion of the adjoining owner's right, or if by force of the statute forbidding the repair of a highway so as to obstruct the passage to an adjoining house, yard or private way (P. S., c. 73, s. 23), a nuisance was created, no private right of hers has been invaded. The discussion in *Waldron* v. *Berry*, 51 N. H. 136 is therefore not in point. Neither are the decisions in *Adams* v. *Richardson*, 43 N. H. 212 and *Rowe* v. *Addison*, 34 N. H. 306 material. And it is expressly held in *Elliott* v. *Mason*, 76 N. H. 229, that only the adjoining landowner can recover for such a nuisance. On this ground the plaintiff, Elliott, was defeated in his suit against

the town. He failed to recover on the ground of injury from a defective highway because the defect complained of was not one of those for which the town was made liable to travelers injured thereby. *Elliott* v. *Mason, supra, p.* 234. Laws 1893, *c.* 59, *s.* 1. For the same reason this plaintiff failed in her traveler's suit against the town. *Robertson* v. *Hillsborough*, 78 N. H. 603; *Leslie* v. *Keene*, 78 N. H. 607, 608; *Wilder* v. *Concord*, 72 N. H. 259.

The present suit is against the public officers charged with the duty of highway maintenance and repair. The plaintiff brings her suit in reliance upon the public right of highway user. She alleges that the highway was defective through the negligence and carelessness of the defendants upon whom the duty of highway maintenance was by law imposed and that as a result of such defect while traveling thereon she received the injury for which she seeks compensation. Her complaint is of the condition of the highway at the time of the injury.

"At the annual election each town shall elect, by ballot, one or more, not exceeding three, highway agents, . . . who under the direction of the selectmen shall have charge of the construction and repair of all highways and bridges within the town." Laws 1893, *c.* 29, *s.* 3; Laws 1897, *c.* 67, *s.* 1; Laws 1913, *c.* 14, *s.* 1. "Whatever the division of power between the highway agent and the selectmen may be under this statute, they are with respect to the exercise of their respective highway powers public officers." "The construction and repair of highways legally laid out are governmental acts, and their essential character as such is not changed by legislative action imposing the duty of superintending and doing the work required upon officers selected by the towns or appointed in some other way. If the selectmen of a town are required by the legislature to superintend the repairs of the highways in the town, they act in that respect as public officers of the state." *O'Brien* v. *Derry*, 73 N. H. 198, 199. Assuming at this point that there was evidence the highway was defective through the negligent performance of the public duty imposed upon the defendants, the fundamental question in the case is whether the defendants can be called upon to answer for such neglect at the suit of a private person.

"The rule of official responsibility, then, appears to be this: That if the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public, not an individual injury, and must be redressed, if at all, in some form of public prosecution. . . .

if the duty is a duty to the individual, then a neglect to perform it . . . properly, is an individual wrong, and may support an individual action for damages." Cooley Torts, 379. Of the application of this principle to the matter in hand, Judge Cooley says: "There seems to be a little difficulty in determining whether, where an officer is charged with the duty of making and repairing highways and public bridges, this duty can be regarded as a duty to individuals who may have occasion to use the public way, or whether, on the other hand, it is to be considered a duty to the public only." *Ib.* 399. It is, however, generally though not universally held that at common law the officers upon whom is imposed the performance of the duty of highway maintenance are not answerable to individuals for default in such performance. *Bartlett* v. *Crozier*, 17 Johns. 438, 454, 455; *Daniels* v. *Hathaway*, 65 Vt. 247; *McConnell* v. *Dewey*, 5 Neb. 385; *Nagle* v. *Wakey*, 161 Ill. 387; *Worden* v. *Witt*, 4 Ida. 404; S. C. 95 Am. St. Rep. 70.

There are no cases in this state holding that a highway surveyor is liable directly to a traveler for default in the performance of his duty of highway maintenance. The duty of highway maintenance placed on towns is governmental in its nature and in the absence of a statute, they are not liable to persons injured in the exercise of the public right of travel through the negligence of the town in the performance of the imposed duty. *Sargent* v. *Gilford*, 66 N. H. 543; *Eastman* v. *Meredith*, 36 N. H. 284. As the same duty when imposed upon public officers remains governmental in its nature, owed to the public and not to individuals, it would seem to plainly follow that the officers upon whom the duty of maintenance was imposed would not be liable to an individual for default in the performance of their public duty. But the legislature which made towns liable for default in the performance of this imposed governmental duty could impose the like liability upon the officers charged with the execution of the town's duty of maintenance and repair. If this has been done the question of liability at common law need not be determined. The liability imposed upon towns by P. S., c. 76, s. 1 for damages happening to a traveler by reason of any obstruction,.defect, insufficiency or want of repair was by the statute of 1893 limited to persons using for travel a particular part of the highway, and it was only for defects, obstruction or insufficiency in the portions specified that recovery could be had. *Wilder* v. *Concord*, 72 N. H. 259. But after declaring the town liability, the section continues: "But any person or corporation, except municipal corporations, through whose negligence or careless-

ness any obstruction, defect, insufficiency, or want of repair is caused, shall be liable to any person injured by reason thereof, and the damages may be recovered in an action on the case." Laws 1893, c. 59, s. 1. The statute limits municipal liability to certain defects defined therein but gives an action for injuries from any obstruction, defect, etc., against the person through whose negligence or carelessness such dangerous highway condition is caused. The term "any person" embraces the officers owing the duty of highway maintenance and must include them unless competent evidence is found of a legislative intention not to embrace them by the general term used. Existing legislation upon the subject and the general purpose of the legislature is evidence upon this question. Prior to c. 29, Laws 1893, above referred to, the performance of the duty of highway maintenance was imposed upon highway surveyors. Although there was no statute and there are apparently no decisions declaring highway surveyors liable to travelers for injuries received through their default in the performance of their duty of highway repair, the surveyors were by statute made ultimately liable for all damages occasioned by their fault or neglect. "Any town liable for damages under the provisions of this chapter shall have a remedy over against the surveyor of highways through whose fault or neglect such damages happened." P. S., c. 76, s. 15. Municipal liability to travelers injured through highway insufficiency or want of repair was originally imposed by the act of February 27, 1786. That act after giving an action to the party aggrieved against the town or parish continues: "and the said town or parish shall have a remedy over against any surveyor or surveyors through whose fault or neglect the same happened." 5 N. H. Laws, pp. 117, 119; Laws, ed. 1789, pp. 54, 56. The two provisions continued to be contained in a single section until the Revised Statutes of 1842 when the matter was placed in two sections, the town liability being set forth in section 1 and the surveyor's in section 2 of chapter 57. In subsequent revisions sections extending, modifying or explaining the town liability intervened so that in the Public Statutes the provision as to surveyors becomes section 15 of the chapter, "DAMAGES HAPPENING IN THE USE OF HIGHWAYS" instead of section 2 of the chapter upon the same subject in the Revised Statutes. The separation did not affect the meaning. The surveyor's liability still remained as when first enacted an essential part of the legislation creating a remedy for injuries received through highway insufficiency. Though advantage may not often have been taken of this statute, its existence is noted in reported

cases. *Eaton* v. *Burke*, 66 N. H. 306, 310; *Patterson* v. *Colebrook*, 29 N. H. 94. "The statute imposes a liability upon the town for damages arising from any obstruction, defect, insufficiency, or want of repair of the highway, which renders it unsuitable for the travel passing thereon; and if in such case damage to a traveller happens through the fault of a highway surveyor, the remedy over against him is secured by the law. G. S., c. 69, *ss.* 1, 7. . . . The act of repairing highways is an act within the line of their official duty; and for any negligence in the performance of that duty, whereby the highway is rendered unsafe and dangerous, and by reason of which damage is sustained, they are remotely liable." *Hardy* v. *Keene*, 52 N. H. 370, 377. See also *Richardson* v. *Weare*, 62 N. H. 80; 137 Briefs & Cases 593, 605.

When the act of 1893 was adopted, the Public Statutes of 1891 provided: "If any person shall place any obstruction in a highway, or cause any defect, insufficiency, or want of repair of a highway which renders it unsuitable for public travel, without authority, he shall be liable to the town for all damages to the highway and for all damages and costs which the town shall be compelled to pay to any person injured by such obstruction, defect, insufficiency, or want of repair." P. S., c. 77, s. 14.

The act of 1893 was a change of policy as to municipal liability for default in highway maintenance. It was intended to relieve towns to a large extent from such liability. If passed as originally drafted, it would have diminished to the same extent the liability of highway surveyors and others under the statutes requiring them to answer over.

While the legislation was in progress highway agents were substituted for surveyors. Laws 1893, c. 29. The legislation was bitterly contested. The final clause of section 1 of the act, adopted as an amendment in the course of legislation, offered by active opponents of the legislation, can have had no purpose except to make certain that the individuals whose negligence was the primal cause of injury should not be relieved as municipalities were. The obligation of such persons was to be left unimpaired and was made primary and direct instead of secondary and remote. The pending legislation substituting highway agents for surveyors may not have been overlooked. The liability of persons not public officers at common law (*Paine* v. *Railway*, 58 N. H. 611) may have been overlooked, but with existing statute law in mind the purpose of the limitation imposed by this amendment upon the broad change proposed in existing

law is unmistakable. As already suggested the words "any person" in their natural and usual sense include the public officers charged with the duty of highway maintenance. There is no evidence of an intention to exclude them from the general term but all the competent evidence tends to establish a purpose to include them. As in 1786, the liability both of towns and of highway officers is covered in a single section. The defendants charged with the duty of highway repair and maintenance are by statute made liable to any person injured by reason of any obstruction, defect, insufficiency or want of repair of the highway due to their negligence or carelessness.

As the statute makes them liable, common law rules relieving public officers from liability are not in point. That the plaintiff was injured in the exercise of a public right, or that the officers acted judicially — considerations important in ascertaining the existence or otherwise of a common law liability — do not repeal the statute.

The highway officers are liable to "any person injured." But in view of the subject-matter of the legislation it is clear that by any person was intended a traveler upon the highway. The liability of the officers is not greater than that of towns before the act was passed. The plaintiff, therefore, to go to the jury must offer evidence that she was a traveler upon the highway; that it was unsuitable for the travel thereon through the defendants' negligence, her consequent injury and exercise of care. That there was evidence of injury from the condition complained of, and of care, is conceded. The plaintiff was a traveler in pursuing her way toward the adjoining owner's land and so continued up to the moment she left the highway. This being so, it follows she resumed her status of a traveler upon the highway the moment she left the land of the abutting owner. *Varney* v. *Manchester*, 58 N. H. 430, 431. The defect complained of is not an excavation up to the line of the highway, if such fact would affect the question. The sidewalk remained intact. The construction as left at the time presented a sudden drop from the sidewalk to the road bed; the entrance to the highway was unaffected. The dangerous condition was created in the path from the side of the highway to the roadway. This was an obstruction in the line of travel which might be expected across the highway. "If the defect is established, the inquiry is, whether the plaintiff was in the proper and reasonable use of it [the highway].

"In determining that, the question is immaterial whether the plaintiff was travelling across the highway or lengthwise of it. Both modes of use are equally necessary, and there can be no doubt that

both are lawful, and, for aught we can see, the duty of the town is the same in respect to both. No authority is cited for any distinction in this respect, nor do we find any. The obligation to keep the highway in a reasonably safe condition is for the benefit of all who have occasion to pass over it, in any direction, for the purposes of business, convenience, or pleasure. Such persons are travellers upon the highway, within the meaning of the statute. They are using it for the ordinary and legitimate purposes for which it was made." *Stack* v. *Portsmouth*, 52 N. H. 221, 224.

In *Stark* v. *Lancaster*, 57 N. H. 88, as in this case, the plaintiff was injured while crossing from private land to the direct traveled path. Before the lowering of the grade there was a driveway entering the highway at the point of accident. It is to be inferred that indications of such a driveway appeared on the adjoining land at the time of the injury. Whether the conditions rendering the highway unsuitable for the use of travelers were within or without the highway, if by care the highway could have been made suitable, is not material. *Griffin* v. *Auburn*, 58 N. H. 121; *Davis* v. *Hill*, 41 N. H. 329; *Stack* v. *Portsmouth, supra*. See also cases cited in *Wentworth* v. *Pittsfield*, 73 N. H. 358, 360, and *Knowlton* v. *Pittsfield*, 62 N. H. 535, 536; *Burnham* v. *Boston*, 10 Allen 290; *O'Malley* v. *Parsons*, 191 Pa. St. 612.

The question is whether the highway was unsuitable through defendants' fault. Whether, as the defendants left the road for over six months, there was such a probability that persons having knowledge of the former existence of the driveway or misled by the indications on the abutting land would attempt to cross at this point from the adjoining land to the traveled path, as to render the highway with the sudden drop from the sidewalk unsuitable for the travel reasonably to be expected thereon is for the jury. It is suggested the adjoining landowner was in fault in not closing or obliterating the driveway or in neglecting to warn the plaintiff. Assuming this to be so, his negligence would not prevent a recovery against others whose negligence was cause for the injury.

The plaintiff's complaint is of the condition at the time of her injury. The evidence is that the lowering of the grade was done under the direction of the selectmen and the delay in the restoration of this driveway the result of their direction. While if the road agent were sued for a trespass the directions of the selectmen to commit the act would not be a defence, (*Hill* v. *Caverly*, 7 N. H. 215), the agent cannot be found guilty of negligence in acting as required by law, *i. e.*, obeying the directions of those in authority over him. The

verdict was properly directed in favor of Bennett, but the case should have been submitted to the jury as to the other defendants. The exception to the verdict in favor of the highway agent is overruled. The exceptions to the verdicts in favor of the selectmen are sustained. The orders are

*Judgment for the defendant Bennett: verdicts for the defendants Monroe and Rumrill, set aside.*

YOUNG, J., dissented: the others concurred.