Mr. Jim York Director, Legal Services Florida Sheriffs Association Post Office Box 1487 Tallahassee, Florida 32302
Dear Mr. York:
This is in response to your request for an opinion on substantially the following question:
 DO THE PROVISIONS OF s 112.533, F.S., AS AMENDED, PROVIDING FOR LIMITED CONFIDENTIALITY FOR COMPLAINTS FILED AGAINST LAW ENFORCEMENT OR CORRECTIONAL OFFICERS, APPLY ONLY TO COMPLAINTS FROM MEMBERS OF THE PUBLIC; OR DO THEY ALSO APPLY TO COMPLAINTS FILED AGAINST AN OFFICER BY A MEMBER OF THE EMPLOYING AGENCY?
I understand from conversations with members of the affected sheriff's staff that the principal concern is whether internal disciplinary matters such as complaints brought against an officer for violation of department rules and regulations fall under s112.533, F.S., as amended. For example, such rules and regulations could involve personnel matters like habitually reporting late for work, as well as more serious matters like rules governing the use of force in making arrests.
Section 112.533(1), F.S. (1982 Supp.) provides:
 Every agency employing law enforcement officers or correctional officers shall establish and put into operation a system for the receipt, investigation, and determination of complaints received by such employing agency from any person. (e.s.)
Subsection (2) of s 112.533, F.S. (1982 Supp.), as amended by s 1 of Ch. 83-136, Laws of Florida, provides that a complaint filed against a law enforcement officer, including a deputy sheriff, or correctional officer with a law enforcement agency or correctional agency and all information obtained pursuant to the investigation by the agency of such complaint shall be confidential until the conclusion of the internal investigation or at such time that the investigation ceases to be active without a finding relating to probable cause.
The limited confidentiality accorded complaints against law enforcement or correctional officers by s 112.533(2), F.S., as amended, applies, according to s 112.533(1), F.S. (1982 Supp.), to complaints from "any person." Words in statutes should be given the meaning accorded them in common usage unless a different connotation is expressed in or necessarily implied from the statute's context. Gaulden v. Kirk, 47 So.2d 567 (Fla. 1950). See also, State v. Stewart, 374 So.2d 1381 (Fla. 1979); Graham v. State, 362 So.2d 924 (Fla. 1978); Pedersen v. Green, 105 So.2d 1
(Fla. 1958).
The word "any," used in the statute as an adjective modifying the noun "person," is a word of general description and is usually taken to mean:
 one or some indiscriminately of whatever kind . . . one or another taken at random . . . one or more — used to indicate an undetermined number or amount . . . unmeasured or unlimited in amount, number, or extent . . . .
Webster's New Collegiate Dictionary 51 (Rev. ed. 1979). The word "any" has also been defined as meaning "Some; one out of many; an indefinite number. . . . It is often synonymous with `either,' . . . . And is given the full force of `every' or `all,' . . . ." Black's Law Dictionary 120 (Rev. 4th ed. 1968).
While the definition of the term "any person" may be limited by its context to a specific class of persons, its general meaning "is very broad, and is defined as including or meaning all persons; anybody; any or and every human being; every person." 3A C.J.S. Any Person, p. 907. In the case of Blaylock v. Rubel Co.,119 So. 503 (Miss. 1928), the court held that a county sheriff was within the meaning of the words "any person" in a garnishment statute providing that someone could garnish the property of another held by any person. In this case, the sheriff was holding money confiscated from a person arrested for murder. In Robertson v. Monroe, 109 A. 495 (N.H. 1920), the court held that the term "any person" included a town's highway officers, public officials charged with the maintenance of the town's roads. In this case a driver was injured while leaving a driveway. The plaintiff sued the town's highway officers who were responsible for the leveling of the grade at the driveway that caused her injury. A statute provided that the town itself was liable only for injuries occurring during the use of certain parts of the highway for travel but not at the place where the plaintiff was hurt. But the statute went on to say that "any person" who negligently caused some obstruction, defect or the like in a road that caused an injury would be liable for it. Thus, the court said that the highway officers could be liable as "any person" for the plaintiff's injuries.
From the preceding definitions and cases, it appears that the term "any person" in s 112.533(1), F.S. (1982 Supp.), includes every person filing a complaint against a law enforcement or correctional officer, regardless of whether he is a member of the public or another agency or of the employing agency. The statute does not limit or qualify the term or distinguish between complaints from people inside or outside the employing agency in any way.
This conclusion is bolstered by an examination of the legislative history of s 112.533, F.S. The procedure providing for the confidentiality of such complaints was first enacted in 1982 (see, Ch. 82-405, Laws of Florida), and amended in 1983 (see, Ch. 83-136, Laws of Florida). The Senate staff analysis for SB 4-H, which became Ch. 82-405, noted that only two types of law enforcement-related investigations were exempt from the public records law — criminal investigations and those concerning decertification of a law enforcement officer. "Other internal investigations, such as those for disciplinary or misconduct purposes, or investigations of citizen complaints are not exempt, and therefore open to public scrutiny," (e.s.) the analysis said. In describing the effect of the bill, the analysis said: "Records of internal investigations of law enforcement or correctional officers would not be available for public inspection unless the investigation results in a finding that the complaint is sustained." (e.s.) See, Senate Governmental Operations Committee, staff analysis of SB 4-H, June 15, 1982. Thus it is clear that the Legislature considered the difference between complaints filed by citizens or members of the public and those filed by members of the employing agency, and the Legislature decided to treat them identically.
Therefore, in my opinion, s 112.533, F.S., as amended, providing for limited confidentiality for complaints against law enforcement or correctional officers, applies to complaints filed by anyone. It is immaterial whether that person is a member of the public or another agency or of the employing agency.
Sincerely,
Jim Smith, Attorney General
Prepared by: Jason Vail, Assistant Attorney General