### In Re Estate of George S. Walker

[120 A2d 565]

January Term, 1956.

Present: **Jeffords, C. J., Cleary, Adams and Hulburd, JJ., and Holden, Supr. J.**

Opinion Filed February 7, 1956.

*Frederick A. Bosworth* and *Wayne C. Bosworth* for the petitioner.

**Jeffords, C. J.**   This is an appeal from the decree of the Probate Court for the district of Addison denying a petition for a declaratory judgment and decree in the matter of the

estate of George S. Walker. The petitioner is a trustee under the will of the deceased.

The petition sets forth that the will was duly proved and allowed by the probate court, that under the terms of the will trust estates were created and that the petitioner is the duly qualified successor of the trustee named in the will. Certain clauses in the will are set forth in the petition. It is stated that in July, 1907, the probate court entered a decree in accordance with the provisions of the will.

The petitioner states that he believes the will violates the rule against perpetuities, the rule against restraint on the enjoyment of the property and that the gift over contained in the will is too remote. The petitioner says that because of these reasons he has serious doubts as to his right to lawfully serve as trustee.

The prayers of the petitioner here material are, in substance, that the court enter a declaratory judgment and decree that the will violates the two rules above mentioned, that the gift over is too remote, that the trust created by the will is void, that the decree insofar as it violates the rule against perpetuities and the rule against the restraint of the enjoyment of property is void and of no effect.

A hearing was had on the petition and findings were made. The decree of the probate court made in 1907 is fully stated. The following material findings are then set forth:

"6. That the aforesaid Will violates the Rule Against Perpetuities in that it extends the period of a life or lives in being and an additional period of twenty one years, to a period of life or lives in being and an additional gross period of twenty one years and nine months, there having been no posthumous children having an interest in said Estate.

7. That the aforesaid Will violates the rule against restraint on the enjoyment of property.

8. That the aforesaid Will violates the rule against remoteness of gift over.

9. That the aforesaid Decree described in Paragraph 3, supra, is a final adjudication, unappealed from, as to the construction and validity of the Will as to the said Trust Estate; that such adjudication precludes any inquiry into the matters set forth in the petition herein; and that the petition should be dismissed."

A decree was entered dismissing the petition with exceptions allowed to the petitioner.

Although it is claimed in the petition that the will violates the rule against perpetuities and the other rules above mentioned and the findings 6, 7 and 8 state this to be so, it is apparent from his brief that the petitioner restricts his claim of error to that part of the decree entered in 1907 which related to the trust estate set forth in the will. We need spend no time considering the question of whether the clause or clauses in the will are invalid. The probate court in its findings referred to in this paragraph impliedly found that they are and we will assume for the purposes of this case that the court was correct.

The petitioner in his brief says, "Assuming, therefore, that the original decree was improper, the question here is whether the error was one which rendered the decree void as to the matters involved, and so subject to collateral attack; or was a mistake which would stand unless directly attacked by proper appeal." We agree that this is a fair statement of the question presented to us for decision. Here the attack is collateral.

The petitioner then quotes as follows from *Barber* v. *Chase*, 101 Vt 343, 351, 143 A 302, 305, with citations here omitted. "A court of probate does not proceed according to the common law, but has a special and limited jurisdiction given by the statute; and if it appear on the face of the proceedings that it has proceeded in a manner prohibited or not authorized by law, its orders and decrees are absolutely void, and may be treated as a nullity. There is no presumption of jurisdiction as to courts of special and limited powers, and, when such courts exceed their jurisdiction, their whole proceedings are *coram non judice* and void."

The petitoner then says that the rule against perpetuities is based upon public policy and is so far a matter of public policy that it may not be waived even by unanimous consent of those interested. He cites 70 CJS 574 and 633 in support of these statements. He then refers to *Carrier* v. *Carrier*, 226 NY 114,123 NE 135, at 137, as describing fully the public nature of the rule and as pointing out that a court has no power to issue a judgment that contravenes the rule.

The petitioner then concludes his brief as follows:

> "From the above it will be seen that our courts have always recognized two classes of erroneous judgment. In one class the judgment must be upheld against collateral attack; in the other it is subject to collateral attack. There is an established rule for distinguishing between the two, namely, whether the judgment is erroneous only because it has drawn a wrong conclusion from the facts, a conclusion which upon different facts would not be erroneous, in which case collateral attack is not permitted; or whether the judgment would be erroneous upon any set of facts which could be supposed, in which case the judgment is void and may be attacked at any time and in any court. *Barber* v. *Chase*, *supra*.
>
> "A decree confirming a devise for lives in being and an additional period of twenty one years and nine months is erroneous under any imaginable facts, and is beyond the jurisdiction of the court to render."

A careful study of the opinion in *Barber* v. *Chase* results in the conclusion that it is not authority for the above quoted statements taken from the brief of the petitioner. Without setting forth all of the holdings and statements in the opinion it is sufficient to say that the essence of the opinion is the holding that a decree of a probate court which is beyond the jurisdiction of the court to make is void and that such lack of jurisdiction can come either from lack of statutory authority to make the decree or because the making of the decree is prohibited by statute.

No case has been cited, nor have we found one, factually in point with the one here. However, the case of *In re Wells'*

*Estate*, 69 Vt 388, 38 A 83, is much in point and the statements and holdings contained in the opinion appear to us to be decisive in the present case.

In that case a testator gave to his daughter a life estate with a provision that upon her death leaving no heirs of her body the estate should go in fee simple to a named Congregational church. In 1890 the probate court decreed the life estate to her. No appeal was taken from this decree. In 1895 the daughter brought a petition to the probate court setting forth *inter alia* that the church has no interest in the estate of her father as the limitation or devise to it is too remote and void and that upon the death of her mother all the estate vested in the petitioner absolutely. She prayed that a decree be made accordingly.

A hearing was had. The church appeared and filed a motion to dismiss the petition. One ground of the motion was that the petitioner was precluded by a previous adjudication of the court. The probate court dismissed the petition and the petitioner appealed to the county court. In that court the decree of the probate court in 1890 was pleaded in bar and the petition was dismissed. The judgment of the county court was affirmed in the Supreme Court.

The language in the opinion commencing at the bottom of page 391 and continuing through the first few lines at the top of page 393 is so pertinent to the question before us that we quote it in full with citation of authorities omitted:

"(1) The first contention is whether it (the decree of 1890) precludes the petitioner from the relief sought through her petition.

"December 19, 1890, the probate court had the subject matter, the estate of Oliver Wells, and the parties interested therein before it. It had full jurisdiction to determine, and it was its duty to determine correctly, the rights of the petitioner in and to the estate, and to make a decree thereof. If the devise to the Congregational church is now void under the law against perpetuities, it was so then. If the petitioner is now entitled

to have the estate decreed to her in fee, she was so entitled then. Hence the identical subject matter brought before the probate court by this petition and all facts relevant thereto were then before it for determination and decree. By its decree she was given only a life estate, in the property, under adjudication. If she was then entitled to have the property decreed to her in fee, she was, by the decree, deprived of that right. A decree of the estate to her then or now in fee would operate to vacate and set aside the decree then made. A decree of the estate to her now in fee would collaterally attack and vacate the decree then made. It would cut the bond then placed around the property of the estate by which she could only enjoy its use, during her life, and give her title, dominion, and absolute control of the property. By that decree she was deprived of the enjoyment of the fee, dominion and absolute control of the property. Being deprived of a right in the property which she now claims, she could have appealed from the decree and had it corrected, if erroneous. The decrees of the probate court, made, in matters, and against parties, within the sphere of its jurisdiction, not appealed from, are conclusive upon those to whom the right of appeal is given.

"The petition brought before the probate court no facts which were not before it when it made the decree of December 19, 1890. The same parties were then before the court which the petition brought before it. It has always been held, that the decisions of this court, on the same facts and between the same parties are conclusive, when the case comes a second time before the court. This doctrine is applicable to the decrees of the probate court made within its jurisdiction."

If the provision or provisions in the will creating the trust estate are now void under the rule against perpetuities they were so at the time the decree was entered. Here as there an appeal could have been taken to the decree and had it corrected, if erroneous.

In the case of *Barber* v. *Chase*, 101 Vt 343, 143 A 302, the distinction between decrees of a probate court which are void and those which are erroneous is well set forth. In that case at page 354 it is stated: "The probate court has jurisdiction to order the estate distributed to the heirs or legatees, and if, in so doing, some are omitted, this is a mistake of law or of fact, and while such decree may be erroneous, it is not a nullity." In the present case there was a mistake of law. For other late cases holding that a final decree of a probate court unappealed from, even if erroneous, is conclusive see *In re Pirie's Estate*, 116 Vt 159, 164, 71 A2d 245, and *In Matter of the Estate of Taylor*, 110 Vt 80, 85, 2 A2d 315.

■ Since the probate court had full jurisdiction to make the decree in question we conclude and hold that it is conclusive as to all matters covered by the decree including the provisions in the will relating to the trust estate here in issue and not subject to collateral attack. For an additional case so holding see *Probate Court* v. *Am. Fid. Co.*, 113 Vt 418, 420, 35 A2d 495.

The case of *Carrier* v. *Carrier*, 226 NY 114, 123 NE 135, 137, relied upon by the petitioner is of no help to him. That case had to do with a statute limiting the suspension of the absolute ownership of personal property. The statute is said to be an expression of public policy and is likened to the rule against perpetuities. The trust agreement there in question was held void in part. Judge Cardozo was the author of the opinion and in it appears the following statement: "We are not discussing now the effect as *res adjudicata* of a judgment rendered without collusion or fraud. We are still in the original action." The fair and reasonable inference to be drawn from this statement is that if there had been a judgment unappealed from it would not have been subject to collateral attack.

*The decree is affirmed. To be certified to the probate court.*